Michael J. DEE, Appellant (Plaintiff),

v.

LARAMIE COUNTY and The City of Cheyenne, Appellees (Defendants).

No. 83–39.

Supreme Court of Wyoming.

July 14, 1983.

Rehearing Denied Aug. 9, 1983.

Michael J. Dee, pro se.

Vincent J. Horn, Jr., Cheyenne, for appellees.

Before ROONEY, C.J., and RAPER *, THOMAS, ROSE and BROWN, JJ.

ROONEY, Chief Justice.

Appellant, acting pro se, appeals from the district court's order dismissing with prejudice his complaint for failure to state a claim upon which relief can be granted.[1]

■ We affirm the dismissal of the complaint but for the reason that the district court did not have jurisdiction over the subject matter.[2]

■ In December 1982, appellant filed an action against appellees alleging that somehow appellees, acting through their respective law enforcement agencies, had violated appellant's constitutional rights or had committed malfeasance by failing to arrest appellant when they first learned that he was growing marijuana, a controlled substance.

---

* Retired June 13, 1983, but continued to participate in the decision of the court in this case pursuant to order of the court entered June 13, 1983.

1. Appellant lists eleven issues in his appellate brief, none of which are argued cogently and relevantly. If the issue upon which the trial court determined the matter, i.e. whether or not appellant had pleaded sufficient operative facts to entitle him to relief if proven (see *Johnson v.*

*Aetna Casualty & Surety Co. of Hartford, Conn.,* Wyo., 608 P.2d 1299, 1302 (1980)), is addressed in appellant's brief at all, it is done only tangentially.

2. The parties do not argue the jurisdictional question, but such may be considered by the court on its own volition at any stage of the proceedings. *Matter of Estate of Harrington,* Wyo., 648 P.2d 556, 559 (1982); and *Jackson v. State,* Wyo., 547 P.2d 1203, 1205 (1976).

The complaint was unartfully drawn[3] and can be characterized as sounding in tort, if any claim for relief is stated at all. However, it is clear in that the action is brought against two governmental entities, as that term is defined in § 1–39–103, W.S.1977, Cum.Supp.1983.[4]

The Wyoming Governmental Claims Act, § 1–39–101, et seq., W.S.1977, Cum.Supp. 1983, sets forth the exclusive remedy against a governmental entity.[5] It requires the submission of a timely claim to the governmental entity prior to bringing an action on such claim. Section 1–39–113, W.S.1977, Cum.Supp.1983, provides:

"(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

"(i) Not reasonably discoverable within a two (2) year period; or

"(ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

"(b) The claim shall state:

"(i) The time, place and circumstances of the alleged loss or injury including the name of the public employee involved, if known;

"(ii) The name, address and residence of the claimant and his representative or attorney, if any; and

"(iii) The amount of compensation or other relief demanded.

"(c) Claims against the state shall be presented to the state auditor who shall forward a copy of the claim to the insurance claims division of the department of administration and fiscal control. Claims against any other governmental entity shall be filed at the business office of that entity in duplicate and a copy of the claim shall be forwarded by the entity to the secretary of state for informational purposes. Failure to file the claim with the secretary of state shall not invalidate the claim. In the case of claims against local governments the claim submitted need not be acted upon by the entity prior to suit."

In *Board of Trustees of University of Wyoming v. Bell,* Wyo., 662 P.2d 410 (1983), the claim requirement of § 1–39–113(a), supra, was discussed fully in connection with an employee's action against the university which could be characterized as sounding in tort and contract. After discussing the general law regarding the presentation of a claim as a condition precedent to commencing an action against a governmental entity, we said:

"The same result must be reached under the Wyoming Governmental Claims Act, supra, as is reached under the general law even though the statute is not explicit with respect to whether the filing of a

---

3. The complaint did not comply with the requirements of Rule 10(b), W.R.C.P.

4. Section 1–39–103, W.S.1977, Cum.Supp.1983, provides in pertinent part:

"(a) As used in this act:

"(i) 'Governmental entity' means the state, University of Wyoming or any local government;

"(ii) 'Local government' means cities and towns, counties, school districts, joint powers boards, airport boards, public corporations, community college districts, special districts and their governing bodies, all political subdivisions of the state, and their agencies, instrumentalities and institutions; * * * "

5. Section 1–39–116(a), W.S.1977, Cum.Supp. 1983, provides:

"(a) The remedy against a governmental entity as provided by this act is exclusive, and no other claim, civil action or proceeding for damages, by reason of the same transaction or occurrence which was the subject matter of the original claim, civil action or proceeding may be brought against the governmental entity. No rights of a governmental entity to contribution, indemnity or subrogation shall be impaired by this section. Nothing in this section prohibits any proceedings for mandamus, prohibition, habeas corpus, injunction or quo warranto."

claim is a jurisdictional prerequisite to suit. It would be incongruous for the same result not to attach to the failure to file a claim under § 1–39–113, W.S.1977 (Cum.Supp.1982), *and we hold that the failure to file a claim under that statute results in a district court having no jurisdiction over an action which is brought if the complaint fails to allege the filing of the claim pursuant to statute.*" (Emphasis added.) 662 P.2d at 415.

The complaint in this case fails to allege that a claim was filed with either of the appellees prior to institution of the action.[6]

Such failure to allege the compliance with a condition precedent to instituting an action deprives the district court of subject matter jurisdiction. *Board of Trustees of University of Wyoming v. Bell*, supra.

For this reason, the dismissal of the complaint by the trial court is affirmed.

---

**6.** There is nothing in the record to reflect that such a claim was filed.