2010 WY 58

UPTOWN CAFÉ, INC., a Wyoming Corporation, d/b/a Uptown Café, Appellant (Plaintiff),

v.

TOWN OF GREYBULL, Appellee (Defendant).

No. S–09–0032.

Supreme Court of Wyoming.

May 7, 2010.

Representing Appellant: G. Mark Garrison of Garrison & Krisjansons, P.C., Cody, Wyoming.

Representing Appellee: Larry B. Jones and William L. Simpson of Simpson, Kepler & Edwards, LLC, The Cody, Wyoming division of Burg Simpson Eldredge Hersh and Jardine, P.C. Argument by Mr. Jones.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] In May 2007, Appellant, Uptown Café, Inc. (Uptown Café), filed a complaint, pursuant to the Wyoming Governmental Claims Act, seeking to recover damages allegedly caused by a leaking sewer line owned and operated by Appellee, Town of Greybull. The district court determined that the complaint was not timely filed within the one-year statute of limitations period prescribed by Wyo. Stat. Ann. § 1–39–114 (LexisNexis 2009), and granted summary judgment in favor of the Town of Greybull. Uptown Café seeks review of the district court's order.

[¶ 2] Our disposition of this appeal is controlled by *Beaulieu v. Florquist*, 2004 WY 31, 86 P.3d 863 (Wyo.2004) (*Beaulieu II* ). In that case, we held that the failure of a complaint in a governmental claims action to allege compliance with both the constitutional

signature and certification requirements of Wyo. Const. Art. 16, § 7 and the statutory filing requirements of Wyo. Stat. Ann. § 1–39–113 prevents the district court from acquiring subject matter jurisdiction over the claim. *Id.*, ¶¶ 10–15, 86 P.3d at 866–69. We have consistently adhered to the *Beaulieu II* rule over the intervening years. *See Motley v. Platte County*, 2009 WY 147, ¶¶ 2–3, 220 P.3d 518, 519–20 (Wyo.2009); *McCann v. City of Cody*, 2009 WY 86, ¶¶ 7–8, 210 P.3d 1078, 1081–82 (Wyo.2009); *Gose v. City of Douglas*, 2008 WY 126, ¶¶ 17–19, 193 P.3d 1159, 1163–64 (Wyo.2008). That rule leads to the problem in this case.

[¶ 3] In its complaint, Uptown Café alleged:

3. This complaint is brought pursuant to the Wyoming Governmental Claims Act, Wyoming Statute 1–39–101 et seq.[,] and a claim was filed and sent by certified mail on May 16, 2006, and was also hand delivered on June 1, 2006, to the Town of Greybull, P.O. Box 271, Greybull, Wyoming 82426 and an amended claim was sent by certified mail on February 5, 2007, to the same address, both of which are marked as exhibits A and B, respectively, which are hereby incorporated by this reference;

4. Claims includes [sic] the statutory requirements of Wyoming Statute 1–39–113(b) which was verified on the 12th day of May, 2006, by the Claimant/Plaintiff and included itemized statements of damage therein[.]

Although these provisions signify compliance with statutory requirements, the complaint does not allege that Uptown Café complied with the signature and certification requirements of Wyo. Const. Art. 16, § 7.[1] Because Uptown Café's complaint fails to allege the requisite constitutional compliance, under *Beaulieu II* the district court never acquired subject matter jurisdiction over the action. *Motley*, ¶ 3, 220 P.3d at 520; *McCann*, ¶ 8, 210 P.3d at 1082; *Gose*, ¶¶ 18–19, 193 P.3d at 1164. Accordingly, the district court's sum-

---

1. The Wyoming Legislature has amended § 1–39–113 to codify the requirement that "the complaint shall state ... the claim was in compliance with the signature and certification requirements of article 16, section 7 of the Wyoming Constitution." § 1–39–113(d)(iii) (HEA0016 effective July 1, 2010).

mary judgment order, which is the subject of this appeal, is null and void. Since there is no order invoking this Court's jurisdiction, this appeal is dismissed.

KITE, Justice, dissenting, in which BURKE, Justice, joins.

[¶4] I dissent for the same reasons articulated in Justice Burke's dissenting opinion in *McCann v. City of Cody*, 2009 WY 86, ¶ 9, 210 P.3d 1078, 1082 (Wyo.2009). That is, the allegations of the complaint, when viewed in the light most favorable to Uptown Cafe, sufficiently allege the conditions precedent for filing a claim against the Town of Greybull to invoke the district court's subject matter jurisdiction. Additionally, if the complaint is insufficient, Uptown Cafe should be allowed to amend it. Finally, if the rules created by a majority of this Court for pleading a governmental claim lead to the conclusion that this complaint is legally insufficient and Uptown Cafe is not permitted to amend it, those rules should be abolished because they "serve no useful purpose, and create unwarranted obstacles to the determination of governmental claims on their merits." *Id.*