2010 WY 86

**Ashlie CHURCHILL, Appellant (Plaintiff),**

v.

**CAMPBELL COUNTY MEMORIAL HOSPITAL, Appellee (Defendant).**

No. S–09–0195.

Supreme Court of Wyoming.

June 25, 2010.

Representing Appellant: Nicholas H. Carter and Stephanie M. Humphrey of The Nick Carter Law Firm, P.C., Gillette, Wyoming.

Representing Appellee: Billie LM Addleman of Hirst Applegate, LLP, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] On March 12, 2009, Appellant Ashlie Churchill filed a complaint, pursuant to the Wyoming Governmental Claims Act. The complaint alleged that Ms. Churchill was injured on March 17, 2006, while awaking from a tonsillectomy and adenotonsillectomy performed at Campbell County Memorial Hospital. The district court granted the Hospital's motion to dismiss the complaint. The district court relied on two grounds. First, it ruled that the complaint should be dismissed because Ms. Churchill did not file a claim with the Medical Review Panel, as required by Wyo. Stat. Ann. § 9–2–1518(a) (LexisNex-

is 2009).[1] Second, the district court ruled that Ms. Churchill's cause of action was barred by the two-year statute of limitations applicable to a "cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services." Wyo. Stat. Ann. § 1–3–107(a) (LexisNexis 2009). Ms. Churchill appealed to challenge the district court's order dismissing her complaint with prejudice.

[¶ 2] Our disposition of this appeal is controlled by *Beaulieu v. Florquist*, 2004 WY 31, 86 P.3d 863 (Wyo.2004) (*Beaulieu II*). There, we held that a complaint in a governmental claims action must allege compliance with the signature and certification requirements of Wyo. Const. Art. 16, § 7, in addition to alleging compliance with the statutory filing requirements of Wyo. Stat. Ann. § 1–39–113. Without such allegations, a district court does not acquire subject matter jurisdiction over the action. *Id.*, ¶¶ 10–15, 86 P.3d at 866–69. Since then, we have followed the *Beaulieu II* rule in a number of cases. *Uptown Café v. Town of Greybull*, 2010 WY 58, 231 P.3d 257 (Wyo.2010); *Motley v. Platte County*, 2009 WY 147, ¶¶ 2–3, 220 P.3d 518, 519–20 (Wyo.2009); *McCann v. City of Cody*, 2009 WY 86, ¶¶ 7–8, 210 P.3d 1078, 1081–82 (Wyo.2009); *Gose v. City of Douglas*, 2008 WY 126, ¶¶ 17–19, 193 P.3d 1159, 1163–64 (Wyo.2008). We must do likewise here.

[¶ 3] In her complaint, Ms. Churchill alleged:

6. A Notice of Claims was prepared and served upon the Defendant pursuant to the Governmental Claims Act, Wyo. Stat. Ann. §§ 1–39–101 through § 1–39–121. A copy of the Notice of Claims is attached hereto as "Exhibit A" and incorporated herein.

7. Mr. Bob Morasko, of the Campbell County Memorial Hospital, was served on March 13, 2008. The original Return is

1. **§ 9–2–1518. Claims to be reviewed by panel; prohibition on filing claims in court; tolling of statute of limitation; immunity of panel and witnesses; administration.**

(a) The panel shall review all malpractice claims against health care providers filed with the panel except those claims subject to a valid arbitration agreement allowed by law or upon which suit has been filed prior to July 1, 2005. Unless submission to the panel is waived in ac-

cordance with W.S. 9–2–1519(a), no complaint alleging malpractice shall be filed in any court against a health care provider before a claim is made to the panel and its decision is rendered. The running of the applicable limitation period in a malpractice action is tolled upon receipt by the director of the claim and does not begin again until thirty (30) days after the panel's final decision, or seventy-five (75) days after the panel's last hearing, whichever occurs earlier.

attached hereto as "Exhibit B" and incorporated herein.

While these allegations indicate compliance with the statutory notice of claim requirements, the complaint does not allege that Ms. Churchill complied with the signature and certification requirements of Wyo. Const. Art. 16, § 7.[2] In addition, to the extent Ms. Churchill's Notice of Claims was incorporated into the complaint, the Notice of Claims itself does not allege compliance with the constitutional requirements. *See Gose,* ¶ 18, 193 P.3d at 1164; W.R.C.P. 10(c) ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

[¶ 4] Because Ms. Churchill's complaint did not allege compliance with the constitutional requirements, the district court never acquired subject matter jurisdiction over this action. *Motley,* ¶ 3, 220 P.3d at 520; *McCann,* ¶ 8, 210 P.3d at 1082; *Gose,* ¶¶ 18–19, 193 P.3d at 1164. This Court, having no better jurisdiction than the district court, is without jurisdiction to consider this appeal. We therefore dismiss this appeal.

GOLDEN, J., delivers the opinion of the Court; KITE, J., files a specially concurring opinion, in which BURKE, J., joins.

KITE, Justice, specially concurring, in which BURKE, Justice, joins.

[¶ 5] I concur in the majority opinion to the extent it affirms the district court's dismissal of the complaint. However, I would affirm on the basis that the district court properly concluded the applicable statute of limitations was Wyo. Stat. Ann. § 1–3–107 (LexisNexis 2009) and the complaint was not filed within two years of the alleged act, error or omission as required by that statute. I disagree that the judicially created requirement that the complaint must allege compliance with Art. 16, § 7 of the Wyoming Constitution prevented the district court from acquiring jurisdiction over the matter. *See Uptown Café, Inc. v. Town of Greybull,* 2010

WY 58, ¶ 4, 231 P.3d 257, 258 (Wyo.2010); *Motley v. Platte County,* 2009 WY 147, ¶ 5, 220 P.3d 518, 520 (Wyo.2009); *McCann v. City of Cody,* 2009 WY 86, ¶ 9, 210 P.3d 1078, 1082 (Wyo.2009).

---

**2.** As we noted in *Uptown Café v. Town of Greybull,* 2010 WY 58, ¶ 3 n. 1, 231 P.3d 257, 257 n. 1 (Wyo.2010), the Wyoming Legislature has amended § 1–39–113 to codify the allegation requirements established by case law. Effective July 1, 2010, "the complaint shall state … the claim was in compliance with the signature and certification requirements of article 16, section 7 of the Wyoming Constitution." Wyo. Stat. Ann. § 1–39–113(d)(iii) (HEA0016).