248 P.3d 1136 (2011)
2011 WY 35
Robert K. BROWN, Appellant (Plaintiff),
v.
CITY OF CASPER and Officer Eric E. Walters, individually, Appellees (Defendants).
No. S-09-0263.
Supreme Court of Wyoming.
February 25, 2011.
*1137 Representing Appellant: Thomas A. Valdez and Tamara K. Schroeder of Chapman *1138 Valdez, Casper, Wyoming. Argument by Mr. Valdez.
Representing Appellee City of Casper: Patrick J. Murphy of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.
Representing Appellee Eric E. Walters: Bruce A. Salzburg, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; and Thomas W. Rumpke, Senior Assistant Attorney General. Argument by Mr. Rumpke.
Before KITE, C.J., and GOLDEN, HILL, VOIGT[*], and BURKE, JJ.
KITE, Chief Justice.
[¶ 1] Robert K. Brown was injured when the vehicle he was driving was struck by a vehicle driven by Casper Police Officer Eric E. Walters. Mr. Brown presented a notice of claim to the City of Casper (City) and subsequently filed a complaint in district court. The district court dismissed the complaint, finding that it lacked subject matter jurisdiction because Mr. Brown failed to allege that he complied with the constitutional requirements for maintaining an action against a governmental entity. We reverse.

ISSUES
[¶ 2] Mr. Brown presents the issues for this Court's consideration as follows:
1. The District Court abused its discretion in refusing to allow [him] to amend his complaint to correct a deficiency in an allegation and to conform to the undisputed facts of the case.
2. The District Court erred in ruling that the allegations contained in the Complaint, when viewed in the light most favorable to [him], did not sufficiently allege the prerequisites for the District Court's subject matter jurisdiction.
3. The judicially created rules for pleading a governmental claim lead to injustice and are against public policy and should be abolished.
The City and Officer Walters assert the district court correctly concluded that it lacked subject matter jurisdiction to proceed, denied the motion to amend and dismissed the case with prejudice.

FACTS
[¶ 3] On April 28, 2007, Mr. Brown was traveling northbound on Wolcott Street in Casper, Wyoming. Officer Walters was driving westbound on East 12th Street. At the intersection of the two streets, Officer Walters failed to stop for a red light and collided with Mr. Brown's vehicle. Officer Walters was on duty at the time of the accident and was acting within the scope of his employment.
[¶ 4] Mr. Brown presented a notice of claim to the City on April 25, 2008, within one year of the collision. On April 16, 2009, less than two years after the collision, Mr. Brown presented an amended notice of claim, more fully setting forth the damages he sustained in the collision. On April 23, 2009, less than one year after presenting his notices of claim, Mr. Brown filed a complaint against the City and Officer Walters in district court. In his complaint, Mr. Brown alleged that "all requirements of the Wyoming Governmental Claims Act, Wyoming Statute § 1-39-101 et. seq.. . ., have been complied with, and a claim in conformity therewith was served upon the City of Casper, pursuant to Wyo. Stat. Ann., 1999 § 1-39-113(c)... on April 25, 2008 and an Amended Claim ... delivered ... to the City of Casper . . . on the 16th day of April, 2009." Although Mr. Brown alleged that a copy of the notice of claim was attached to the complaint as exhibit A, there is no attachment to the complaint contained in the appellate record.
[¶ 5] The City and Officer Walters answered the complaint. In its answer, the City denied Mr. Brown's allegation that he had met the requirements of the Wyoming Governmental Claims Act (WGCA) and asserted as an affirmative defense that he had failed to comply with those requirements. On July 16, 2009, both the City and Officer Walters filed motions for judgment on the pleadings, claiming they were entitled to judgment as a matter of law because Mr. *1139 Brown had not properly invoked the district court's jurisdiction within one year of presenting his notice of claim. Specifically, they asserted the allegation in the complaint was insufficient to invoke jurisdiction in that it did not allege compliance with the requirements of the Wyoming Constitution, Art. 16 § 7.
[¶ 6] On July 17, 2009, the day after the City and Officer Walters filed their motions and supporting memoranda, Mr. Brown filed a motion to amend his complaint to reflect that the notice of claim he had presented to the City complied with the constitution. The amended complaint attached to his motion alleged that "all requirements of Article 16, § 7 . . . have been complied with." Mr. Brown also attached the amended notice of claim he had presented to the City on April 16, 2009. The City and Officer Walters filed memoranda opposing Mr. Brown's motion, asserting the district court had no jurisdiction to consider it.
[¶ 7] After further briefings by the parties, the district court convened a hearing on the motions. Following the hearing, the district entered an order converting the W.R.C.P. 12(c) motions for judgment as a matter of law to Rule 56 motions for summary judgment and granting summary judgment for the City and Officer Walters. The district court's order states:
[Mr. Brown]'s complaint fails to contain an allegation that he complied with the Wyoming Constitution and, therefore, this Court lacks subject matter jurisdiction under Wyoming Supreme Court precedent. See McCann v. City of Cody, Wyoming, 2009 WY 86, 211 [210] P.3d 1078 (Wyo. 2009); and see Beaulieu v. Florquist, 2004 WY 31, ¶ 14, 86 P.3d 863, 868 (Wyo.2004) (Beaulieu II) . . . . Without subject matter jurisdiction, the Court FURTHER FINDS it lacks any authority to grant [Mr. Brown]'s motion to amend his Complaint. See Gose v. City of Douglas, 2008 WY 126, ¶ 19, 193 P.3d 1159, 1164 (Wyo.2008) . . . . The only action the Court can take is to deny [Mr. Brown]'s motion to amend his Complaint . . . .
Finding that it was not possible at that point for Mr. Brown to sue the City or Officer Walters within the time period specified in § 1-39-114 of the WGCA, the district court dismissed the complaint with prejudice. This appeal followed.

STANDARD OF REVIEW
[¶ 8] The district court ruled as a matter of law that Mr. Brown's complaint must be dismissed for lack of subject matter jurisdiction. The existence of subject matter jurisdiction is a question of law that we review de novo. Cantrell v. Sweetwater County School Dist. No. 2, 2006 WY 57, ¶ 6, 133 P.3d 983, 985 (Wyo.2006).

DISCUSSION
[¶ 9] The district court concluded it lacked subject matter jurisdiction over this governmental claim case such that it could not consider a motion to amend the complaint because binding precedent dictated that conclusion. While there is no question that presentation of a notice of claim is constitutionally and statutorily required before an action can be brought against a government entity, the rule this Court understandably but mistakenly has attributed to a statement made in Board of Trustees of UW v. Bell, 662 P.2d 410, 415 (Wyo.1983) that district court jurisdiction is not invoked unless the complaint alleges compliance with the constitution and statute is inconsistent with prior precedent as well as statutory and constitutional provisions granting jurisdiction over these cases to the district courts. We resolve the inconsistency with prior precedent and hold that subject matter jurisdiction is invoked upon the filing of a complaint alleging a claim against a governmental entity. We continue to require that complaints alleging claims against governmental entities must also allege compliance with the statutory and constitutional provisions governing notices of claim. See § 1-39-113(d) (Lexis-Nexis 2009 & Supp.2010). However, we clarify that in cases where a notice of claim has been properly presented but the complaint fails to allege that fact, district courts have the discretion to allow amendment of the complaint to cure the failure.
*1140 [¶ 10] Having performed a lengthy and thorough analysis of Wyoming legal principles relating to subject matter jurisdiction and governmental claims, we conclude Bell has mistakenly been interpreted to mean that courts have no power to act in a case against a governmental entity unless the complaint alleges presentation of a notice of claim. Contrary to that interpretation, Bell had to have meant that dismissal was appropriate in that case because it did not appear the condition precedent to suit had been met. In order to understand this distinction, it is appropriate to begin with a discussion of the law preceding Bell.

1. Wyoming Law Before Bell

[¶ 11] Article 5, § 1 of the Wyoming Constitution provides:
The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts, and such subordinate courts as the legislature may, by general law, establish and ordain from time to time.
Article 5, § 10 provides further:
The district court shall have original jurisdiction of all causes both at law and in equity and in all criminal cases, of all matters of probate and insolvency and of such special cases and proceedings as are not otherwise provided for. The district court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court.
[¶ 12] Consistent with these constitutional provisions, this Court long ago held that a district court's jurisdiction does not depend upon the allegations in the pleading; rather, it depends upon whether the court's authority extends over the general class to which the case belongs. State v. Kusel, 29 Wyo. 287, 297, 213 P. 367, 369 (Wyo.1923). In Kusel, 29 Wyo. at 293, 213 P. at 368, a prosecutor in one county charged the defendant by information with robbery. The defense moved for a change of venue, which the court granted, and the case was moved to a different county. Prior to trial, the information was amended to charge assault with a deadly weapon and attempted robbery. A jury found the defendant guilty of the charges in the amended information and he appealed, claiming the first information was insufficient to allege the crime and so district court jurisdiction was never invoked. This Court held the deficient information did not deprive the district court of jurisdiction.
[¶ 13] Although Kusel was a criminal case, Justice Blume, writing for the Court, enunciated broad principles concerning subject matter jurisdiction that are expressly applicable to civil cases as well. He described subject-matter jurisdiction as "the power of the court over cases of a certain class." Kusel, 29 Wyo. at 295, 213 P. at 368. He wrote:
Jurisdiction in the case lies dormant, of course, until called into exercise. It must be invoked in some manner. An action must be commenced, a pleading, complaint or information of some sort must be filed, in order that a court may be said to have jurisdiction; that is to say, power to proceed and do anything in a particular cause; it is only then that the case may be said to be coram judice.

Id.
[¶ 14] Justice Blume went on to write:
[I]n order to enable a court of general jurisdiction to proceed in the cause in its earliest stages, it is not essential . . . . that the information or complaint before it be perfect . . . .
Kusel, 29 Wyo. at 296, 213 P. at 369. He quoted with approval the following excerpt from In re First National Bank, 152 F. 64, 81 C.C.A. 260 (1907):
Jurisdiction of the subject-matter and of the parties is the right to hear and determine the suit or proceeding in favor of or against the respective parties to it. The facts essential to invoke jurisdiction differ materially from those essential to constitute a good cause of action for the relief sought. A defective petition in bankruptcy, or an insufficient complaint at law, accompanied by proper service of process upon the defendants, gives jurisdiction to the court to determine the questions involved in the suit, although it may not contain averments which entitle the complainant *1141 to any relief; . . . . Facts indispensable to a favorable adjudication or decree include all those requisite to state a good cause of action, and they comprehend many that are not essential to the jurisdiction of the suit or proceeding. * * * The facts which conditioned the jurisdiction of the court were the filing of the petition and the service of the subpoena. [citation omitted]
[¶ 15] Justice Blume also quoted O'Brien v. People, 216 Ill. 354, 75 N.E. 108 (Ill.1905), in which the court said:
The chief argument against the jurisdiction of the court is that the allegations of the bill of complaint are not sufficient to sustain the prayer of the bill and do not set out specific facts which would give the court jurisdiction * * * It is well settled that jurisdiction does not depend upon the sufficiency of the bill. If the court has jurisdiction of the subject-matter and of the parties nothing further is required. The cause of action may be defectively stated, but that does not destroy jurisdiction. . . . Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to decide whether the pleading is good or bad.
Kusel, 29 Wyo. at 297, 213 P. at 369.
[¶ 16] The principles enunciated in Kusel were reaffirmed in State ex rel. Yohe v. District Court of Eight Judicial District, 33 Wyo. 281, 286, 238 P. 545, 547 (Wyo.1925). Police searched a building occupied by the defendant, seized intoxicating liquor and arrested the defendant. After his conviction in police court for violating a city ordinance prohibiting the possession of intoxicating liquor, the defendant appealed to district court claiming the seizure was unlawful. The district court agreed and ordered the city to return the liquor.
[¶ 17] On appeal to this Court, the police chief argued the liquor was contraband the possession of which was prohibited by law; therefore, the district court had no jurisdiction to order its return. This Court did not address the contention that the district court's ruling was incorrect but limited its analysis to the issue presented, i.e. whether the district court had jurisdiction to hear and decide whether the liquor was lawfully seized. The Court held that it did because the district court "[was] a court of superior and general jurisdiction" having jurisdiction "of the general class of cases to which the proceeding in question belong[ed]." Id. See also Urbach v. Urbach, 52 Wyo. 207, 213, 73 P.2d 953, 955 (Wyo.1937), holding the district court had jurisdiction of an action brought by a minor having no capacity to sue, and properly allowed amendment of the petition to name the minor's next friend in order to comply with a statute requiring that actions by a minor "must be brought by his guardian or next friend."
[¶ 18] At common law, no cause of action existed against a governmental entity. However, § 1-39-117 of the WGCA provides:
(a) Original and exclusive jurisdiction for any claim under this act shall be in the district courts of Wyoming.
Pursuant to this provision, district courts have the power to hear and determine cases against governmental entities and to render a judgment.
[¶ 19] Where power is conferred upon the district courts by statute and is not recognized under the common law, as in the case of suits against governmental entities, courts must exercise the power as prescribed. Urbach, 52 Wyo. at 225, 73 P.2d at 961. That is, the measure of the district court's authority depends upon substantial compliance with the mandatory provisions, or conditions precedent, expressed in the statute. Yohe, 33 Wyo. at 291, 238 P. at 549. In the context of governmental claims cases, this Court has long held that a party seeking to bring an action against a governmental entity must first comply with the constitutional and statutory requirements by presenting a notice of claim to the entity. Houtz v. Board of Comm'rs of Uinta County, 11 Wyo. 152, 168, 70 P. 840, 842 (Wyo.1902).
[¶ 20] Houtz filed suit in district court against the county. The county moved to dismiss the complaint at trial in part because *1142 it did not allege presentation of a notice of claim. Houtz moved to amend his complaint to allege that a letter he had sent to the county constituted the required notice of claim. The district court allowed the amendment. After Houtz presented his evidence, however, the court dismissed the case holding that the letter did not comply with the constitutional and statutory requirements in effect at the time. This Court affirmed holding that a claim, that is, an itemized, verified statement in writing, had to be presented before an action could be brought against the county.
[¶ 21] Houtz is significant in that the deficiencies in the notice of claim did not prevent the district court from exercising its jurisdiction. Rather, the court considered the evidence, including the letter presented as constituting a notice of claim, and entered judgment against the plaintiff. This Court, likewise, exercised jurisdiction and affirmed the district court judgment.
[¶ 22] In Board of Comm'rs of Sheridan County v. Denebrink, 15 Wyo. 342, 89 P. 7 (Wyo.1907), a physician filed an action against the county alleging it owed him for services he had provided to an indigent person. The county filed a demurrer contending the allegation in the complaint was insufficient to show the physician had presented a notice of claim. The district court concluded the plaintiff had the right to maintain the action when the complaint alleged the notice of claim had been presented to the county, even though the claim was not attached to the complaint. This Court affirmed.
[¶ 23] Importantly, neither Houtz nor Denebrink held that a petition or complaint had to allege a verified claim was presented. Rather, they held that a verified claim had to be presented before an action could be brought. In both cases the courts exercised jurisdiction over the action, even though in Houtz it was ultimately determined the notice did not comply with the statutory and constitutional requirements.
[¶ 24] In Utah Constr. Co. v. State Highway Comm'n, 45 Wyo. 403, 19 P.2d 951 (Wyo.1933), the Court held that presentation of a notice of claim is a "condition precedent" to bringing an action against the State. Utah Construction had filed an action against the State Highway Commission alleging it was owed money on a highway construction contract. The Commission sought a demurrer claiming the petition was fatally defective because it did not show that a notice of claim had been presented. This Court concluded, "In the absence of a compliance with [the constitution and statute], it is our opinion that an action cannot be maintained." Id., 45 Wyo. at 421, 19 P.2d at 954. The Court said: "The objection that the plaintiff has failed to perform a condition that would have given him a right to sue raises a question of jurisdiction," meaning it can be raised at any time. Id., 45 Wyo. at 424, 19 P.2d at 955. Construing the provisions of the constitution and statute, the Court concluded the intent was that a notice of claim must be presented before an action can be maintained against the state, and the contention that a notice of claim had not been presented could be raised at any time. Because presentation of a notice of claim was a condition precedent to bringing the action, and the plaintiff had not shown the condition had been satisfied, the Court upheld the demurrer.
[¶ 25] Like Houtz and Denebrink, Utah Construction held that the constitution and statute required a notice of claim to be presented before an action may be brought against a government entity; it did not hold that a complaint must allege presentation of a notice of claim. The plaintiff in Utah Construction did not assert that it had in fact presented a notice of claim but argued instead that no notice of claim was required until the court determined the amount actually owed. The Court, therefore, was not deciding whether the failure to allege the presentation of a notice of claim was grounds for dismissal for lack of jurisdiction. Had that been the issue, it is likely in light of Kusel and Urbach the Court would have held it was not.
[¶ 26] In Price v. State Highway Comm'n, 62 Wyo. 385, 396, 167 P.2d 309, 312 (Wyo.1946), the Court considered an action by an injured driver who had collided with a highway department snowplow on a state highway. The complaint alleged that a claim had been filed with the state highway commission. *1143 The Court upheld a dismissal of a pleading on a demurrer as "defective in that no presentation of [a] claim to the state auditor as required by law was ever made." (Emphasis added.) Again, the complaint was dismissed in Price because, in the face of a demurrer, the only allegation (and therefore the only evidence) regarding the notice of claim was that it was presented to the state highway commissioner, rather than the state auditor. Likewise, in Awe v. University of Wyoming, 534 P.2d 97, 99-100 (Wyo.1975), the Court affirmed the dismissal of an action on a W.R.C.P. 12(b)(6) motion converted to a summary judgment motion because no formal claim meeting the requirements of the constitution or state statute was presented, a condition precedent to filing an action against the State. The issue was the lack of presentation of a notice of claim, not the adequacy of the pleading.[1]
[¶ 27] In Wyo. State Highway Dep't v. Napolitano, 578 P.2d 1342, 1346 (Wyo.1978), the Court held that presenting a notice of claim is a condition precedent to suing the State even in condemnation cases. Of interest, the plaintiff ultimately presented a notice of claim and the district court allowed him to amend his complaint to allege that fact and the date of presentation. However, the court dismissed the amended complaint because it alleged presentation of the notice of claim more than two years after the claim accrued.
[¶ 28] Up to this point, Wyoming law was clear that presentation of a notice of claim is required in order to bring an action against a governmental entity and the failure to comply with that condition precedent results in dismissal. There was no requirement under Wyoming law that presentation of the notice of claim had to be alleged in the complaint. Likewise, there was no suggestion that district courts lacked "jurisdiction" over an action against a governmental entity if presentation of a claim was not alleged. Then, in Bell, 662 P.2d 410, the Court made statements which have been interpreted to mean that a court has no jurisdiction to act in a case against a governmental entity unless the complaint alleges presentation of a notice of claim complying with the constitution and statute.

2. Bell

[¶ 29] The procedural posture of Bell is different from the earlier cases and relevant to the discussion. The district court filed an entry of default against the defendant for failure to answer the complaint, and entered judgment on the default. Both parties appealed, but neither party raised the issue of whether a notice of claim was required or had been presented. That issue was raised for the first time by this Court in its ruling that the complaint must be dismissed because it did not allege that a notice of claim had been presented. As a consequence, we do not know whether a notice of claim in fact had been presented. If not, the plaintiff obviously had no opportunity to cure the defect by presenting a claim if there was time to do so; if so, the plaintiff had no opportunity to seek to amend the complaint to allege that a claim had been presented.
[¶ 30] The Court acknowledged in Bell that the WGCA does not state that presenting a notice of claim is a jurisdictional prerequisite. However, Justice Thomas, writing for the Court, said: "We hold that the failure to file a claim under [§ 1-39-113] results in a district court having no jurisdiction over an action which is brought if the complaint fails to allege the filing of the claim pursuant to the statute." Id. at 415. No explanation or authority was provided for how a judicially created pleading requirement could deprive the district court of jurisdiction granted to it by constitution and statute. This sentence could have been simply a reference to the facts of Bell, where a default was entered on a complaint containing no information about the notice of claim. Instead, the statement has been interpreted to mean that a district court has no jurisdiction over an action against a governmental entity unless the complaint alleges presentation of a notice of claim.

*1144 3. Rulings Resulting from Bell

[¶ 31] Relying on Bell, the Court in Dee v. Laramie County, 666 P.2d 957 (Wyo.1983), in a decidedly brief opinion, upheld the dismissal of a pro se complaint on the ground that it failed to allege presentation of a notice of claim prior to institution of the action and such a failure in pleading deprived the district court of jurisdiction. Again, the posture of the case makes it impossible to know whether a claim was actually filed or whether time was available to do so. Dee is contrary to the general principles of subject matter jurisdiction enunciated by Justice Blume, and imposed a judicially created pleading requirement that is not supported by any statutory or constitutional provision or case law prior to Bell. If they were intended to impose a "jurisdictional" pleading requirement, Bell and Dee did so without any suggestion that the statute or the constitution intended to deprive the district court of "jurisdiction" to exercise its authority in suits against the government; attempting to explain the new rule in light of § 1-39-117 which expressly places original and exclusive jurisdiction for governmental claims in the district courts; offering any reason for the new pleading requirement; mentioning why a pleading deficiency could not be cured by amendment if, in fact, a proper notice of claim had been presented; or overruling or attempting to distinguish the Kusel and Houtz line of cases.
[¶ 32] Ten years later, in Amrein v. Wyoming Livestock Board, 851 P.2d 769 (Wyo. 1993), the Court appears to have added another "jurisdictional" pleading requirement. Amrein alleged in his complaint that he had presented a notice of claim pursuant to the WGCA. The State moved to dismiss the complaint because the notice of claim was untimely, and attached the notice of claim to its motion. The notice of claim reflected that it was presented after the two year statutory period ended. Without directly addressing the obvious issue of timeliness, Justice Thomas again writing for a majority of the Court "expanded upon the rule" established in Bell and dismissed the action because the complaint did not allege the date the notice was presented. As in Bell and Dee, the Court did not overrule or attempt to distinguish Kusel and the earlier cases and offered no explanation for the sudden change in Wyoming law.[2]
[¶ 33] To the extent this Court ordered dismissal of the complaint on the ground that the allegation concerning presentation of the notice of claim was inadequate, rather than because the notice of claim was late, Amrein represents another departure from the principle that a complaint defective in some detail does not deprive a district court of subject matter jurisdiction if it is within the class of cases over which the court's power extends. Kusel, 29 Wyo. at 295, 213 P. at 369. It also imposed a judicially-created rule limiting district court authority without any constitutional or statutory support. Amrein was followed by Boyd v. Nation, 909 P.2d 323 (Wyo. 1996) (dismissing the complaint because it did not allege the date the notice of claim was presented); Allen v. Lucero, 925 P.2d 228 (Wyo.1996) (dismissing the complaint because no notice of claim was presented); and Garnett v. Brock, 2 P.3d 558 (Wyo.2000) (dismissing the complaint because it did not allege presentation of a notice of claim).
[¶ 34] In subsequent cases, relying on Bell, this Court continued in this unsustainable direction. Quickly after Garnett came Beaulieu v. Florquist, 2001 WY 33, 20 P.3d 521 (Wyo.2001) (Beaulieu I), in which a timely notice of claim was presented that was not signed or verified by the claimant as required by the Wyoming Constitution, Art. 17, § 6. The plaintiff later presented a second notice of claim that was also timely. He then filed a complaint more than one year after the first notice of claim. The City sought dismissal of the complaint because it was not filed within one year of the first notice of claim, as required by § 1-39-114. *1145 The district court dismissed the action as time barred.
[¶ 35] On appeal, the plaintiff claimed the first notice of claim did not start the statute of limitations because it was not signed and verified as required by the constitution. He claimed the second notice of claim started the one year time period for filing the complaint, he filed his complaint within one year of the second notice, and, therefore, the district court erred in dismissing the action. The City argued the first notice of claim started the one year time period. This Court reversed the district court's order, holding the first notice of claim was not valid because it did not comply with the constitutional requirements and it did not start the time period for filing a complaint.
[¶ 36] On remand to the district court, the City renewed its summary judgment motion contending that, like the first notice of claim found inadequate in Beaulieu I, the second notice of claim was inadequate because it was not signed by the claimant or certified under penalty of perjury. The district court granted the motion. This Court affirmed, finding a proper claim had not been presented to the City. Beaulieu v. Florquist, 2004 WY 31, ¶ 9, 86 P.3d 863, 866 (Wyo.2004) (Beaulieu II).
[¶ 37] Beaulieu II is consistent with Wyoming case law preceding Bell to the extent that it held a proper notice of claim is a condition precedent to the filing of an action against the government. However, the Court's reliance on the statements in Bell to conclude that the court "lacked subject matter jurisdiction" because the complaint did not allege compliance with the statutory and constitutional requirements for bringing a governmental claim, while understandable, suffered from the same lack of authority as Bell. District courts have original and exclusive jurisdiction over cases involving claims against governmental entities. Section 1-39-117. Nothing in the constitution or statute states otherwise, and this Court is not at liberty to create pleading rules restricting the jurisdiction the legislature has granted to the district courts.
[¶ 38] In Beaulieu II, the Court seems to have confused the principle established in Utah Construction that a notice of claim is a condition precedent to suing the government, with the pleading requirements the Court created beginning with Bell. This confusion between what is required by the constitution and statute for a notice of claim, and what must be alleged in a complaint, has continued. See McCann v. City of Cody, 2009 WY 86, 210 P.3d 1078 (Wyo.2009), upholding the dismissal of a complaint for failing to allege compliance with the constitutional and statutory requirements; Gose v. City of Douglas, 2008 WY 126, 193 P.3d 1159 (Wyo.2008), upholding the dismissal of a complaint for failing to allege compliance with constitutional requirements even though the notice of claim was in compliance; Motley v. Platte County, 2009 WY 147, 220 P.3d 518 (Wyo. 2009), upholding dismissal of a complaint for failure to allege compliance with constitution; Uptown Café, Inc. v. Town of Greybull, 2010 WY 58, 231 P.3d 257 (Wyo.2010), upholding the dismissal of a complaint for failure to allege compliance with constitution; Churchill v. Campbell County Memorial Hospital, 2010 WY 86, 234 P.3d 365 (Wyo.2010), upholding the dismissal of a complaint for failure to allege compliance with constitutional requirements. It should be noted that none of these cases involved the question of whether the court has jurisdiction to allow amendments to a complaint that failed to allege presentation of a proper notice of claim.
[¶ 39] Two additional cases warrant discussion. In Bell v. Schell, 2004 WY 153, 101 P.3d 465 (Wyo.2004), the Court considered two consolidated cases in which plaintiffs had presented notices of claim that did not comply with the constitution. After filing suit, and after the two year period for presenting a claim had expired, the plaintiffs presented new notices of claim that satisfied the constitutional requirements. The complaints were dismissed and the plaintiffs appealed to this Court claiming the later notices of claim related back to the date they presented the non-compliant notices.
[¶ 40] This Court concluded § 1-39-113, the notice of claim provision of the WGCA, is a "nonclaim" statute rather than a statute of limitations because it does not simply establish *1146 a time limitation for seeking relief. Schell, ¶ 30, 101 P.3d at 474. Instead, it creates a right unknown at common law, i.e. the right to sue a governmental entity, and imposes a condition precedent to exercising that right, i.e. presentation of a notice of claim. Id., ¶ 28, 101 P.3d at 473. By way of this analysis, the Court concluded the notice of claim is a substantive element of the right to sue and the right to sue ceases to exist when the time period expires and no proper notice has been presented. Id., ¶ 34, 101 P.3d at 475. It cannot be resurrected by the later presentation of a valid notice of claim. Id. This holding is consistent with Utah Construction and the other pre-Bell cases. See also Wooster v. Carbon County School Dist. No. 1, 2005 WY 47, ¶ 6, 109 P.3d 893, 895 (Wyo.2005), reaffirming that § 1-39-113 is a nonclaim statute, meaning that a defective notice of claim cannot be cured via the relation back doctrine after the two year period has passed.
[¶ 41] Importantly, the Court in Schell distinguished for purposes of its holding the date the notice of claim was required to be presented under § 1-39-113 from the date the complaint had to be filed under § 1-39-114, and expressly stated the question being decided was "whether the presentment of a verified notice of claim after expiration of the [two year] statutory period `relates back' to the date the original unverified notice of claim was presented . . . so as to `cure' the deficiency." Id., ¶ 18, 101 P.3d at 470. The Court expressly did not address whether a complaint could be amended to allege compliance with the constitution and statute and relate back under § 1-39-114. Id.
[¶ 42] To summarize, we find the confusion reflected in the post-Bell cases between the constitutional and statutory condition precedent of filing a proper claim and the judicially created pleading requirements has led to a legally unsupportable proposition. In governmental claims cases prior to Bell, this Court had held that presentation of a notice of claim was a condition precedent to suing a governmental entity. The Court had not said presentation of a notice of claim was necessary to invoke district court jurisdiction nor had it said a complaint must allege presentation of a claim. In fact, the Court had consistently exercised jurisdiction in the face of complaints that did not allege compliance and in cases where it was alleged the notice of claim was inadequate, and dismissed complaints only when it determined a proper notice of claim in fact had not been presented. Neither Bell nor any of its progeny overruled those pre-Bell cases. The dichotomy between these two lines of cases must be resolved.
[¶ 43] Overruling prior case law is an act this Court approaches with caution.
We consider the doctrine of stare decisis to be an important principle which furthers the "evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." Cook v. State, 841 P.2d 1345, 1353 (Wyo.1992) (quoting Payne v. Tennessee, 501 U.S. 808, 827, 111 S.Ct. 2597, 2609, 115 L.Ed.2d 720 (1991)).
Nevertheless, we should be willing to depart from precedent when it is necessary "to vindicate plain, obvious principles of law and remedy continued injustice." Id. When precedential decisions are no longer workable, or are poorly reasoned, we should not feel compelled to follow precedent. Stare decisis is a policy doctrine and should not require automatic conformance to past decisions.
State ex rel. Wyo. Workers' Comp. Div. v. Barker, 978 P.2d 1156, 1161 (Wyo.1999) (citations omitted).
[¶ 44] In light of § 1-39-117 and accepted principles relating to subject matter jurisdiction, it is apparent that Bell was either wrongly decided or this Court has misinterpreted it because the law was clear at the time and is unchanged today that subject matter jurisdiction is invoked with the filing of a complaint stating a case belonging to a general class over which the authority of the court extends. Kusel, 29 Wyo. at 297, 213 P. at 369. Thus, a litigant's failure to allege compliance with the constitutional and statutory requirements does not and cannot affect a court's subject matter jurisdiction to act. See Houtz, 11 Wyo. 152, 70 P. 840. Pursuant *1147 to the constitution and the statute, the district courts have jurisdiction to hear and decide actions brought against governmental entities, whether or not compliance is alleged, if a notice of claim complying with the constitutional and statutory requirements has been presented. District courts also have jurisdiction to allow the amendment of a complaint to allege presentation of a notice of claim complying with the statute and constitution when such a notice was in fact timely presented. To the extent that Bell and its progeny held otherwise, those decisions are overruled.

4. The Instant Case

[¶ 45] Analyzing the instant case under the law as it existed in Wyoming prior to Bell, the district court obtained subject matter jurisdiction of this action on April 23, 2009, when Mr. Brown filed his complaint alleging that he had complied with the requirements of the WGCA by presenting a notice of claim pursuant to § 1-39-113 to the City.[3] Jurisdiction having been invoked by the filing of a complaint alleging a cause of action against a governmental entity, and thus a case within the general class over which the court's authority extends, the district court had the power to hear and decide the case and enter judgment.
[¶ 46] To avoid dismissal of his complaint, it was incumbent upon Mr. Brown to show that he had satisfied the condition precedent to maintaining an action against the City. Specifically, he had to show that within two years of the collision giving rise to his injuries he presented to the City an itemized statement in writing certified under penalty of perjury. When, in response to the City's motion to dismiss, Mr. Brown moved to amend his complaint to allege compliance with § 1-39-113 and Art. 16, § 7, and attached a copy of the notice of claim, which did comply with those provisions, the district court had the authority to exercise its discretion and allow the amendment. In accordance with W.R.C.P. 15(c), the amendment related back to the date Mr. Brown filed his original complaint. This is the correct result under Wyoming law as set forth in our constitution, state statute and case law preceding the confusion created by Bell.[4]

CONCLUSION
[¶ 47] The district court had subject matter jurisdiction over this matter to determine whether Mr. Brown complied with the requirements of § 1-39-114 and Art. 16, § 7. Upon presentation of proof that Mr. Brown had complied with those provisions, the district court also had subject matter jurisdiction *1148 to allow him to amend his complaint to so allege. To the extent this Court's holdings beginning with Bell have been contrary to this ruling, they are overruled. We reverse and remand for further proceedings consistent with this opinion.
GOLDEN, Justice, concurring.
[¶ 48] I am in agreement with the Court's opinion and write briefly only to offer a few thoughts about the concept of subject matter jurisdiction and the perspective that cases like the present one under the Wyoming Governmental Claims Act often present straightforward issues of pleading which should be resolved under our rules of civil procedure. In this regard, I think we can gain helpful understanding and perspective from like cases under the Federal Tort Claims Act (FTCA), which, like our own claims act, is an immunity waiver, and the Federal Rules of Civil Procedure, after which our own similar rules of civil procedure are patterned.
[¶ 49] The concept of subject matter jurisdiction relates to the power of the court to hear and determine the claim in suit. Article 5, Section 1, of the Wyoming Constitution vests the judicial power in the courts. Article 1, Section 8, of the Wyoming Constitution provides that suits may be brought against the state in such manner and in such courts as the legislature may by law direct. Article 5, Section 10, of the Wyoming Constitution places original jurisdiction of all causes both at law and in equity in the district courts. In Wyo. Stat. Ann. § 1-39-117(a), the legislature has placed original and exclusive jurisdiction for any claim under the claims act (Wyo. Stat. Ann. §§ 1-39-101 through -121) in the district courts. In the federal system, the progression from constitution to the FTCA where the federal district courts have jurisdiction to hear and determine claims against federal agencies is the same.
[¶ 50] The drafting of the complaint alleging a claim against a governmental entity must conform to the specific requirements of the particular claims act in question and the particular rules of civil procedure in question. The rules of civil procedure are to be construed so as to secure "the just, speedy, and inexpensive determination of every action." W.R.C.P. 1 (F.R.C.P. 1). The rules provide that a civil action is commenced by the filing of a complaint with the court. W.R.C.P. 3(a) (F.R.C.P. 3). As to the complaint itself, the rules specify three requirements: (1) it shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends," W.R.C.P. 8(a)(1) (F.R.C.P. 8(a)(1)); (2) it shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," W.R.C.P. 8(a)(2) (F.R.C.P. 8(a)(2)); and (3) it shall contain "a demand for judgment for the relief the pleader seeks." W.R.C.P. 8(a)(3) (F.R.C.P. 8(a)(3)). The rules admonish that each averment of a pleading "shall be simple, concise, and direct," and that "[n]o technical forms of pleading or motions are required." W.R.C.P. 8(e)(1) (F.R.C.P. 8(d)(1)). "All pleadings shall be so construed as to do substantial justice." W.R.C.P. 8(f) (F.R.C.P. 8(e)).
[¶ 51] In the present case, our focus is on the jurisdictional allegation of the complaint: "a short and plain statement of the grounds upon which the court's jurisdiction depends." Under the FTCA, the better practice is to make an allegation in substantially the following form:
This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 as hereinafter more fully appears.
3 Jayson & Longstreth, Handling Federal Tort Claims, § 16.02[2][b]; see also Form 7, Appendix of Forms of the Federal Rules of Civil Procedure.
[¶ 52] In my view, under the Wyoming Governmental Claims Act, an allegation in a substantially similar form would suffice, e.g., "This action arises under the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1-39-101 through -121, as hereinafter more fully appears." It would probably be good practice also to identify the particular tort at issue as provided in Wyo. Stat. Ann. §§ 1-39-105 through -112.
[¶ 53] In addition to the jurisdictional allegation, a FTCA complaint must also allege the plaintiff's submission of an administrative claim to the federal agency involved and that agency's denial of that claim, or, if the agency *1149 has not made a final disposition of the claim within six months after its submission, the claimant may at his option deem this to be a denial of the claim and should make an allegation to that effect. 3 Jayson & Longstreth, supra, § 16.02[2][b]. Similarly, a Wyoming Governmental Claims Act plaintiff must allege his submission of his claim to the governmental entity involved as that is a jurisdictional allegation and condition precedent.
[¶ 54] The absence of these jurisdictional allegations in a complaint is ground for dismissal of a FTCA suit, but the federal district courts liberally grant leave to amend under F.R.C.P. 15 to identify facts demonstrating the jurisdictional prerequisites. See, e.g., Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980); 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F.Supp. 410, 416 (E.D.N.Y.1994); and Lann v. Hill, 436 F.Supp. 463, 469 (W.D.Okla.1977). W.R.C.P. 15 is, of course, similar to F.R.C.P. 15, and I see no reason not to follow the federal example in such instances. Our jurisprudence recognizes that presentation of a notice of claim is a condition precedent to the bringing of an action against a governmental entity. Utah Constr. Co. v. State Highway Comm'n, 45 Wyo. 403, 422-25, 19 P.2d 951, 954-55 (1933). Rule 9(c), W.R.C.P., like its federal counterpart F.R.C.P. 9(c), addresses pleading the performance of a condition precedent. It states "In pleading the performance . . . of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed . . . ." I believe it is sufficient for a Wyoming Governmental Claims Act plaintiff to aver generally that pursuant to the Act the claim set forth in his complaint was presented to the governmental entity involved on a date certain. I believe it is unnecessary, although it is good practice, for that plaintiff to aver specifically that the claim was signed and certified under penalty of perjury as required by Article 16, Section 7, of the Wyoming Constitution. Our civil procedure Rules 8 and 9 are to be read in conjunction to create a proper balance. Osborn v. Emporium Videos, 848 P.2d 237, 240 (Wyo.1993). I believe that our prior cases requiring the specific pleading averment that the administrative claim was signed and certified under penalty of perjury pursuant to Article 16, Section 7, of the Wyoming Constitution, were in error because that requirement is contrary to the purposes set forth in our rules of pleading: a short and plain statement of the court's jurisdictional grounds; each averment of a pleading shall be simple, concise, and direct and no technical forms of pleading are required; all pleadings shall be so construed as to do substantial justice; and it is sufficient to aver generally that all conditions precedent have been performed. If the defendant governmental entity believes that the plaintiff has failed to perform the condition precedent filing a full itemized written statement certified under penalty of perjurythen W.R.C.P. 9(c) requires that defendant to make the denial of performance of that condition precedent "specifically and with particularity." Presented with that denial, the district court is then able to make any necessary findings of fact on that issue. In other words, whether the claim meets the constitutional requirement is a simple matter of proof before the district court.
[¶ 55] With the Court's decision today, we recede from prior opinions that have proven untenable. Faced with such a situation years ago, Justice Robert Jackson wrote:
Baron Bramwell extricated himself from a somewhat similar embarrassment by saying, "The matter does not appear to me now as it appears to have appeared to me then." And Mr. Justice Story, accounting for his contradiction of his own former opinion, quite properly put the matter: "My own error, however, can furnish no ground for its being adopted by this Court * * *." Perhaps Dr. Johnson really went to the heart of the matter when he explained a blunder in his dictionary"Ignorance, sir, ignorance." But an escape less self-depreciating was taken by Lord Westbury, who, it is said, rebuffed a barrister's reliance upon an earlier opinion of his Lordship: "I can only say that I am amazed that a man of my intelligence should have been guilty of giving such an opinion." If there are other ways of gracefully and good naturedly surrendering former *1150 views to a better considered position, I invoke them all.
McGrath v. Kristensen, 340 U.S. 162, 178, 71 S.Ct. 224, 233, 95 L.Ed. 173 (1950) (J. Jackson, concurring) (citations omitted).
[¶ 56] Now, it falls to me to invoke them all too.
VOIGT, Justice, dissenting.
[¶ 57] I respectfully dissent. The Wyoming Governmental Claims Act (the WGCA) was adopted in 1979. That was 32 years ago. For at least 28 years, this Court has consistently held that district courts do not obtain jurisdiction over governmental claims absent sufficient allegation in the complaint of compliance with procedural requirements. See, e.g., Bd. of Trustees of UW v. Bell, 662 P.2d 410, 415 (Wyo.1983), and Churchill v. Campbell County Mem'l Hosp., 2010 WY 86, ¶ 4, 234 P.3d 365, 366 (Wyo.2010). I believe we were right in those cases, and in the dozens of cases in between.
[¶ 58] Because the district courts can only adjudicate claims against governmental entities under the narrow confines of the WGCA, I do not believe that, as the majority states, "subject matter jurisdiction [can be] invoked upon the [mere] filing of a complaint alleging a claim against a governmental entity." See supra ¶ 9. Such would not even meet the requirements of W.R.C.P. 8(a), no less the WGCA and article 16, section 7 of the Wyoming Constitution.[5] My reading of the majority opinion leads me to conclude that if, in the future, a plaintiff fails to allege compliance with statute and constitution, and the defending governmental entity follows up that failure with a failure of its own to raise the issue, it is waived and the district court can proceed to adjudicate the claim, whether or not it is one for which the legislature waived immunity in the WGCA, and whether or not any procedural requirements were met.[6] Stated differently, if the plaintiff does not need to allege compliance, upon what ground does he or she have to prove compliance in the event that the issue is not raised by the defendant?
[¶ 59] Even where the "general power over matters of the kind involved in a particular case [exists] the proceeding must be initiated in some particular manner[.]" McGuire v. McGuire, 608 P.2d 1278, 1290 (Wyo.1980) (court rule v. statute in establishment of private roads); see also Delgue v. Curutchet, 677 P.2d 208, 216 (Wyo.1984) (filing of a new complaint seeking clarification of a judgment "did not appropriately invoke the jurisdiction of the district court"). The nature of the WGCA, with immunity being the rule and liability the exception, convinces me that, in Wyo. Stat. Ann. § 1-39-117 (LexisNexis 2009), the legislature did not grant the district courts jurisdiction over all cases alleging a claim against a governmental entity, but only over those cases alleging claims made "under [the] act." For that reason, I believe that making one's claim under the act is jurisdictional.[7]
NOTES
[*] Chief Justice at time of oral argument.
[1] Also in Awe, 534 P.2d at 102, the Court noted the rule that a notice of claim is a condition precedent to suit was judicially created in Utah Construction and Price, and that no statute specifies that result. However, the Court declined to reverse those cases.
[2] While the Court has given no reason for the pleading requirements it has created, it may have wanted to ensure that parties and district courts are apprised early whether the statutory and constitutional conditions precedent to suit against a governmental entity have been met. Such early notification is a good pleading practice in that it prevents the unnecessary time and expense caused by a late determination that a claimant failed to comply with the condition precedent.
[3] The adequacy of Mr. Brown's allegation is also demonstrated by W.R.C.P. 9(c), which provides:

Rule 9. Pleading special matters.
. . . .
(c) Conditions precedent.In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.
The purpose of this rule is to prevent dismissals of meritorious cases if the plaintiff fails to specifically plead the occurrence of conditions precedent. Johnson v. Aetna Cas. & Sur. Co., 608 P.2d 1299 (Wyo. 1980).
[4] § 1-39-113 was amended effective July of 2010 to add the following provision:

(d) In any action under this act, the complaint shall state:
(i) That the claim required under subsection (c) of this section was filed in accordance with this section;
(ii) The date the claim under subsection (c) of this section was filed;
(iii) That the claim was in compliance with the signature and certification requirements of article 16, section 7 of the Wyoming Constitution.
(e) In any claim filed with a governmental entity under this act, the claim shall be signed by the claimant under oath in substantially the following format:
I, _________________, have read and understand the provisions of the false swearing statute. I hereby certify under penalty of false swearing that the foregoing claim, including all of its attachments, if any, is true and accurate.
 ______________________
 Signature of Claimant
 ______________________
 Date
 ______________________
 Printed Name of Claimant
. . . .
The new provision does not address the district courts jurisdiction for claims under the WGCA and does not, therefore, affect the result we reach in this case.
[5] W.R.C.P. 8(a):

"(a) Claims for relief.A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]"
(Emphasis added.)
[6] See W.R.C.P. 8(b), (c) and (d), and 9(c) for the effect of a failure to plead an affirmative defense or condition precedent. Such averments not denied are deemed admitted.
[7] In 2010, the legislature amended Wyo. Stat. Ann. § 1-39-113 (LexisNexis 2009) by adding subsection (d), which reads as follows:

(d) In any action under this act, the complaint shall state:
(i) That the claim required under subsection (c) of this section was filed in accordance with this section;
(ii) The date the claim under subsection (c) of this section was filed;
(iii) That the claim was in compliance with the signature and certification requirements of article 16, section 7 of the Wyoming Constitution.
Wyo. Stat. Ann. § 1-39-113 (LexisNexis 2010 Supp.). Under the majority opinion, these become mere suggestions, as opposed to requirements.