**Suzanne DYE, by her next friend, Twilli J. DYE, Appellant (Plaintiff),**

v.

**FREMONT COUNTY SCHOOL DISTRICT NO. 24, Appellee (Defendant).**

**No. 90–135.**

Supreme Court of Wyoming.

Nov. 19, 1991.

William L. Miller of Miller and Fasse, Riverton, for appellant.

Jay Dee Schaefer of Schaefer & Associates, Laramie, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

CARDINE, Justice.

Suzanne Dye appeals the W.R.C.P. 12(b)(1) and (6) dismissal of her personal injury suit against Fremont County School District No. 24. Dismissal resulted from her mother's failure to file a timely notice of claim with the school district as required under the Wyoming Governmental Claims Act.

We reverse and remand.

Dye frames the issues as:

"1. If a school district has purchased liability insurance, has the district waived any claims of sovereign immunity pursuant to § 21-3-129, W.S.1977, as amended, to the extent of its liability insurance and does the claims procedure and statute of limitations of the Governmental Claims Act apply?

"2. Is the notice requirement and statute of limitations of the Wyoming Governmental Claims Act as applied to minors unconstitutional as violation of due process and equal protection of the law?"

For purposes of review of this dismissal, we accept the facts alleged in the complaint as true. *Gates v. Richardson*, 719 P.2d 193, 194 (Wyo.1986). Appellant states in

her complaint that she injured her knees while running a two-mile race as a member of the Shoshoni High School track team on April 24, 1986. Shoshoni High School is part of Fremont County School District No. 24. Before the injury, Dye was aware of problems with her knees, and her mother expressed concern to the school's track coach about Dye participating in track. Dye's mother expressly told the coach that Dye should not run in the two-mile race. Contrary to the mother's wishes, the coach ran Dye in that race, and she was injured. As a result of the injury, Dye underwent surgery on both knees and sustained medical expenses of at least $26,000.

On January 25, 1989, Dye's mother filed a notice of claim with the school district. The school district denied the claim on January 31, 1989. This suit followed on April 24, 1989. Dye filed an amended complaint in August 1989, reciting that at the time of Dye's injury, the school district had a policy of liability insurance. Dye brought her suit pursuant to W.S. 21-3-129, which states in part:

"(a) The board of trustees of each school district within the state may procure a policy or policies of comprehensive liability insurance which would save the school district harmless from financial loss arising out of any claim, demand, suit, or judgment for personal injury or death occasioned by the alleged tort of any officer, employee, or agent of the school district. The policy or policies shall specify a maximum amount of fifty thousand dollars ($50,000.00) or more payable for injury to any one (1) person and a maximum amount of five hundred thousand dollars ($500,000.00) or more payable for any one (1) accident regardless of the number of persons injured.

"(b) The defense of governmental immunity is expressly waived to the extent of any insurance coverage of the district involving any such alleged tort. All defenses which would be available to a private corporation in an action against such corporation for the torts of its officers, employees, or agents shall be available to a school district in any action against it arising under this section."

The school district filed a motion to dismiss pursuant to W.R.C.P. 12(b)(1) and 12(b)(6) in lieu of answering Dye's amended complaint. The district argued that the Wyoming Governmental Claims Act contained the exclusive remedy for Dye's cause of action. The district contended that Dye's failure to file a notice of claim with the school district within a two-year period from the date of her injury pursuant to W.S. 1-39-113 (June 1988 Repl.) barred this cause of action.

The trial court agreed with the school district. It found that Dye's failure to timely file her claim resulted in the court lacking jurisdiction. The suit was dismissed for lack of subject matter jurisdiction on May 7, 1990.

Both the Governmental Claims Act and W.S. 21-3-129 deal with bringing suit against a school district. Statutes relating to the same subject should be read *in pari materia* to ascertain legislative intent. *Paravecchio v. Memorial Hospital*, 742 P.2d 1276, 1278 (Wyo.1987), *cert. denied* 485 U.S. 915, 108 S.Ct. 1088, 99 L.Ed.2d 249 (1988). The Wyoming Governmental Claims Act is the exclusive remedy against a school district or other governmental entity. W.S. 1-39-116; *Dee v. Laramie County*, 666 P.2d 957, 958 (Wyo. 1983). Thus, while W.S. 21-3-129 allows an action against a school district to the extent of its liability insurance, such an action must be brought pursuant to the procedures outlined in the Governmental Claims Act. These procedures require filing of a proper notice of claim within the limitation period.

Having resolved the filing of claim issue in the school district's favor, we now turn to the application of the Governmental Claims Act as it relates to a minor. Wyoming Statute 1-39-113 stated:

"(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of

action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

"(i) Not reasonably discoverable within a two (2) year period; or

"(ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence."

We recently discussed this statute as it relates to minors in *Alewine v. State Dept. of Health and Social Services, Div. of Public Assistance and Social Service*, 803 P.2d 1372 (Wyo.1991). The issue confronting us here is one we left unanswered in that case.

In *Alewine*, a minor's father living in another state did not learn of the State's attempt to place the minor into adoption until long past the claim period. We affirmed the trial court's dismissal of the father's claims against the State for interference with child custody and intentional and negligent failure and refusal to reunify a family, the father not having disputed that his claim was barred due to the untimely notice of claim. Conversely, the minor raised the issue and was excused from the timely notice of claim provisions because the father did not have a reasonable opportunity to discover his child's injury within the proper time limit. 803 P.2d at 1376. However, we limited our holding to the facts of that case, which were "out of the 'ordinary.'" *Id.* at 1377. We declined to answer the question confronting us here because "[w]e d[id] not find it necessary * * * to break new ground in this instance." *Id.*

 An unemancipated minor, by himself, has no procedural capacity to sue or be sued. *See* 43 C.J.S. Infants § 215 (1978). Wyoming Rules Civil Procedure 17(c) allows a "representative, such as a general guardian, committee, conservator, or other like fiduciary" to act on a minor's behalf. However,

"if * * * such representative fails to act, he may sue by his next friend or by guardian ad litem. The court shall ap-

point a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant * * *." *Id.*

A "next friend" is one, who without being a regularly appointed guardian, acts for a person under a legal disability. *In re Moody*, 105 B.R. 368, 372 (S.D.Texas 1989). A "guardian ad litem" is appointed by the court to act in the interest of a minor or other person under a disability. *Von Bulow by Auersperg v. von Bulow*, 634 F.Supp. 1284, 1293 (S.D.N.Y.1986). A next friend may act on behalf of a minor without court appointment; a next friend may or may not volunteer—thus a minor may or may not be represented. There is no substantial difference between a guardian ad litem and a next friend, although historically, a guardian ad litem represented a minor defendant and a next friend represented a minor plaintiff. *Id.*

 Dye's mother is listed on the caption of this case as her daughter's next friend. The mother had authority as her general guardian to pursue this action under W.R.C.P. 17(c), but she failed to act timely on her daughter's behalf. Susan Dye, as a minor, was not able to give timely notice of claim herself. The requirement of giving notice presupposes the existence of an individual capable of giving notice. *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879, 881, 59 A.L.R.3d 81, *cert. denied sub nom, Clark County, Nevada v. Turner*, 414 U.S. 1079, 94 S.Ct. 598, 38 L.Ed.2d 486 (1973). Dye's mother, as next friend, was capable of giving notice but was either unwilling to give timely notice or just failed to do so. In the interest of justice, we cannot allow a minor, who has no realistic ability to protect herself, to suffer loss of her claim because of a parent's failure to act.

When a parent fails to file a timely notice of claim pursuant to W.S. 1–39–113(a), that parent does not adequately represent the child. The child is powerless to protect her own interests. We hold, therefore, that the time for filing the claim required by the Governmental Claims Act on behalf of a minor begins to run at the time of the

appointment of a guardian ad litem by the court pursuant to W.R.C.P. 17(c). *See* W.S. 1–39–113(a)(ii). This disability for failing to file a claim disappears upon the minor reaching the age of majority.

Our decision here might be read as adverse to our holding in *Awe v. University of Wyoming*, 534 P.2d 97 (Wyo.1975). In *Awe*, we held that a plaintiff's minority did not excuse him from complying with the notice of claim statute that is our current W.S. 9–1–404. *Id*. That notice of claim statute does not now and did not then contain a discovery provision. Perhaps *Awe* can be distinguished on that basis. Whether capable of being distinguished or not, however, we overrule *Awe* to the extent that our decision here is in disagreement. *See Alewine*, 803 P.2d at 1379 (Thomas, J., dissenting).

Reversed and remanded for further proceedings consistent with this opinion.

THOMAS, J., files a dissenting opinion.

THOMAS, Justice, dissenting.

I cannot agree with the disposition of this case in accordance with the majority opinion. I adhere to the views that are set forth in my dissent in *Alewine v. State, Dept. of Health and Social Services, Div. of Public Assistance and Social Services*, 803 P.2d 1372, 1377 (Wyo.1991).

Recognizing that this opinion represents a logical progression of *Alewine*, extending the rule of that case to the situation in which the natural guardian had knowledge of the injury, I still would find that *Awe v. University of Wyoming*, 534 P.2d 97 (Wyo. 1975), is sound law and should not be overruled. Since the majority chooses to overrule *Awe* "to the extent that our decision here is in disagreement" (Op. at 985), I am more firmly persuaded "that the majority is adopting a savings clause or minority exception for the claims statute." *Alewine*, 803 P.2d at 1379 (Thomas, J., dissenting). The court is even more guilty of judicial legislation than before.

I would affirm the decision of the trial court.