Present: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Lemons, JJ., and Whiting, S.J.

TAYLOR R. WILLIS                        OPINION BY
                                SENIOR JUSTICE HENRY H. WHITING
v.  Record No. 011306                   April 19, 2002

JAMES G. MULLETT, M.D., ET AL.

            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    A. Dow Owens, Judge Designate

      This appeal involves the constitutionality of a statute

that reduces the tolling period provided for infants' tort

claims if those claims allege medical malpractice.

                                I

      Code § 8.01-229(A)(2)(a) provides that "[i]f an infant

becomes entitled to bring [an] action, the time during which he

is within the age of minority shall not be . . . counted as any

part of the period within which the action must be brought."  In

1987, the legislature reduced this tolling period for infants

with medical malpractice claims by requiring that any such

actions brought on their behalf

      shall be commenced within two years of the date of the
      last act or omission giving rise to the cause of
      action except that if the minor was less than eight
      years of age at the time of the occurrence of the
      malpractice, he shall have until his tenth birthday to
      commence an action.

Code § 8.01-243.1 (the medical malpractice statute of limitations for minors); Acts 1987 chs. 294, 645.[1]

II

Taylor R. Willis was 15 years old when Doctors James G. Mullet[2] and Michael A. Sisk, acting for their respective employers, Radiology Associates of Roanoke, P.C., and, Roanoke Neurological Associates, Inc. (collectively the defendants), committed acts of alleged medical malpractice upon him from July 15 to 18, 1995. Over four years later, after he reached his majority, 19-year-old Willis filed this medical malpractice action against the defendants.

The defendants filed pleas of the statute of limitations alleging that the medical malpractice statute of limitations for minors required Willis to file this action within two years of July 18, 1995, the date of the final alleged act of malpractice. Willis responded that the statute was unconstitutional and, thus, that he was entitled to the benefit of the general tolling period for infants.

After considering argument on the pleas and memoranda of counsel, which included copies of various study reports of

[1] Code § 1-13.42(1) provides that the words "infant" and "minor" "shall be construed to mean a person under eighteen years of age."
[2] All the pleadings filed by counsel for the defendant James G. Mullet indicate that spelling of his last name and not the

2

legislative subcommittees, the trial court held that the medical malpractice statute of limitations for minors was constitutional and sustained the defendants' pleas.  Willis appeals.

III

Willis challenges the constitutionality of the medical malpractice statute of limitations for minors because it creates a special and reduced tolling period for infants with medical malpractice claims as compared to infants having other tort claims.  Willis contends that this distinction violates the equal protection and due process rights guaranteed to him by both the United States Constitution and the Constitution of Virginia and is a "special law" forbidden by Article IV, Section 14 of the Constitution of Virginia.

Equal protection and due process rights are described in Section 1 of the Fourteenth Amendment to the United States Constitution in the following language: "No state shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  The due process guarantees of Article I, Section 11

spelling of "Mullett" as in the captions of the motion for judgment and some subsequent pleadings and orders.

3

of the Constitution of Virginia are virtually the same as those of the United States Constitution.

However, the equal protection rights of Article I, Section 11 of the Constitution of Virginia are provided in its so-called "anti-discrimination" clause, which states: "the right [of a person] to be free from any governmental discrimination upon the basis of religious conviction, race, color, sex, or national origin shall not be abridged."  The "special law" provision is in Article IV, Section 14 of the Constitution of Virginia, which states that "[t]he General Assembly shall not enact any local, special, or private law . . . [g]ranting to any private corporation, association, or individual any special or exclusive right, privilege, or immunity."

IV

We must first determine the standard of review applicable in assessing the constitutionality of the medical malpractice statute of limitations for minors. Willis maintains that this statute affects his fundamental right to a jury trial under Article I, Section 11 of the Constitution of Virginia and that, therefore, we must review its constitutionality under the so-called "strict scrutiny" test.  That test requires that the statute in dispute be necessary to promote a compelling governmental

4

interest.  Mahan v. National Conservative Political Action Comm., 227 Va. 330, 336, 315 S.E.2d 829, 832 (1984).

Willis argues that since minors have no right to bring actions during their minority, any such actions must be brought in the minor's name by his next friend under the provisions of Code § 8.01-8.  Willis notes that if the next friend, negligently or otherwise, fails to file the action within the reduced time required under the medical malpractice statute of limitations for minors, the minor would lose his right to a jury trial.  He asserts that this possible loss of a right to a jury trial invalidates the statute.

The possibility that some minors may ultimately see their rights lapse due to the responsible adult's negligence was discussed in a subcommittee report.  Report of the Joint Subcommittee Studying the Liability Insurance Crisis and the Need for Tort Reform, House Doc. No. 12, 1986, at 7.  Presumably, this possibility was considered and resolved when the General Assembly weighed the merits of the medical malpractice statute of limitations for minors.  See Industrial Dev. Auth. v. La France Cleaners & Laundry Corp., 216 Va. 277, 282, 217 S.E.2d 879, 883 (1975) (in determining reasonableness of statute, courts look to what legislature could have known at time of its

5

enactment).  The legislature was thus free to presume that some adult responsible for the minor's welfare, usually a parent, would act diligently and prudently to protect the minor's interests.  See Washabaugh v. Northern Virginia Const. Co., 187 Va. 767, 773, 48 S.E.2d 276, 279 (1948) ("primary duty to inform, advise, and protect a child . . . is upon the parents").  Moreover, we will not question "the propriety, wisdom, necessity and expediency of [this] legislation."  City of Richmond v. Fary, 210 Va. 338, 346, 171 S.E.2d 257, 263 (1969).

The parties agree that if an action is brought by a next friend within the reduced tolling period of the medical malpractice statute of limitations for minors, the minor would have a right to a jury trial on disputed factual claims.  Accordingly, the issue is simply one of the validity of the legislative time limitation on Willis's right of action.  Such a limitation does not deny a fundamental constitutional right.  See Hess v. Snyder Hunt Corp., 240 Va. 49, 53, 392 S.E.2d 817, 820 (1990) (imposition of statute of repose no denial of fundamental constitutional right).

Indeed, because a legislature may abolish "a cause of action, [it] may [also] extinguish a cause of action by the imposition of a statute of limitations" without affecting a

6

fundamental constitutional right.  Pulliam v. Coastal

Emergency Servs., Inc., 257 Va. 1, 13, 509 S.E.2d 307, 314

(1999) (analogizing imposition of statute of limitations to

validate statute imposing medical malpractice cap).  Hence,

we reject Willis's claim that the medical malpractice

statute of limitations for minors effectively denies him

the right of a jury trial.

V

Because we conclude that the enactment of the medical

malpractice statute of limitations for minors does not involve

the denial of Willis's asserted fundamental constitutional right

to a jury trial, we apply the so-called "rational basis" test in

reviewing its constitutionality under due process, equal

protection, and special legislation provisions.  Under that

test, legislation passes constitutional muster under procedural

due process requirements if it "guarantees a litigant the right

to reasonable notice and a meaningful opportunity to be heard."

Etheridge v. Medical Ctr. Hosps., 237 Va. 87, 97, 376 S.E.2d

525, 530 (1989).  It also complies with substantive due process

requirements "if [it] has a reasonable relation to a proper

purpose and is not arbitrary or discriminatory."  Pulliam, 257

Va. at 21, 509 S.E.2d at 318.

Legislation meets equal protection requirements "if the

legislature could reasonably have concluded that the challenged

7

classification would promote a legitimate state purpose."  Id.
Further, a statute does not transgress special legislation
proscriptions if it bears "a reasonable and substantial relation
to the object sought to be accomplished by the legislation."
Id. at 18, 509 S.E.2d at 317 (citations and internal quotations
omitted).

In applying the rational basis test, we accord a
presumption of constitutionality to the statute, "uphold[ing]
statutory classifications if they bear some rational
relationship to a legitimate legislative interest or purpose."
Mahan, 227 Va. at 335-36, 315 S.E.2d at 832.  Also, under this
test, if any state of facts reasonably can be conceived that
would sustain the necessity for the legislation and the
reasonableness of its classifications, that state of facts at
the time of the legislative enactment must be assumed.  King v.
Virginia Birth-Related Neurological Injury Comp. Program, 242
Va. 404, 410 n.3, 410 S.E.2d 656, 662 n.3 (1991) (sustaining
validity of Birth-Related Neurological Injury Compensation Act);
Etheridge, 237 Va. at 102, 376 S.E.2d at 533 (sustaining
validity of legislative limitation of recoveries in medical
malpractice actions).

VI

Willis's primary contentions are that the medical
malpractice statute of limitations for minors violates one or

8

more of the above constitutional provisions because it unreasonably, arbitrarily, and irrationally creates different tolling periods for two classes of infants, those with medical malpractice claims and those with other tort claims, without evidence to justify the distinction.[3]  In support, he cites: (1) the evidence presented to the legislative subcommittee of the limited number of claims made by such parties after they had reached their majority; (2) the lack of a study of the effect of a reduction of the tolling period for such claims on medical liability insurance premiums; and (3) the lack of evidence to support the legislature's assertion that medical malpractice claims are much more "complex" than other tort claims, thereby justifying a shortened tolling provision to prevent stale medical malpractice claims by infants.

In response, the defendants note the legislative subcommittee's statement of the background of this and other medical malpractice legislation "to alleviate the 'medical malpractice insurance crisis.'"  Report of the Joint Subcommittee Studying the Liability Insurance Crisis and the

---

[3] Willis relies upon a number of cases in other jurisdictions to support his primary and other contentions.  We do not discuss them because they were generally decided under constitutional and statutory provisions differing from those involved in this case.  Those cases and other cases containing conflicting opinions are noted in a recent ALR annotation. Christopher Hall, Annotation, Medical Malpractice Statutes of Limitation Minority Provisions, 71 A.L.R. 5th 307 (1999).

Need for Tort Reform, Senate Doc. No. 11, 1987, at 5.

Additionally, they note the following parts of the

subcommittee's findings and recommendations:

> Insurers find it difficult to adequately assess the risk exposure of health care providers who treat minors because of the long tail on the claim. Under Virginia law, a minor has until his [eighteenth] birthday to file a claim. Code §§ 8.01-1-13.42, -229(A)(2)(a). It is extremely difficult to document or prove or disprove events which occurred as long as twenty years ago for birth-related injuries. This problem is compounded by the inherent complexity of medical malpractice cases.

> Recognizing (i) the particular and severe insurance availability problems facing physicians, (ii) the need of insurers for predictability of risk exposure and (iii) the effect of the provisions tolling the two-year statute of limitations during minority on the availability of insurers to adequately assess their risk of loss, the joint subcommittee recommends that the statute of limitations, as it applies to minors in medical malpractice actions, be modified. . . . The proposal is based on a similar provision in Indiana law and would require actions by minors who are injured by malpractice while under the age of six to commence the action before reaching age eight. A minor six years of age or older who is injured by medical malpractice would not have the benefit of any tolling provision. The joint subcommittee believes that this proposal will accomplish the goal of relieving the insurance availability crisis while affording reasonable protection to an injured minor.[4]

Id. at 13.

In the two cases sustaining the constitutional validity of

the medical malpractice cap imposed by Code § 8.01-581.15, we

said that "the necessity for and the reasonableness of

10

classification are primarily questions for the legislature.  If any state of facts can be reasonably conceived . . . that would sustain [the classification] that state of facts at the time the law was enacted must be assumed."  Pulliam, 257 Va. at 18-19, 509 S.E.2d at 317; Etheridge, 237 Va. at 102, 376 S.E.2d at 533 (quoting Martin's Ex'rs v. Commonwealth, 126 Va. 603, 612-13, 102 S.E. 77, 80 (1920)).  Thus, this Court will not "second guess" the legislature's judgment and determine the necessity for and reasonableness of the classification.  Etheridge, 237 Va. at 102 n.4, 376 S.E.2d at 533 n.4.  Moreover, "a classification will not be ruled unconstitutional merely because it causes some inequality or some discrimination."  Id. at 104, 376 S.E.2d at 534.

Given these principles and the background of this legislation and applying the rational basis test, we hold that the legislature could reasonably provide different tolling periods and statutes of limitation without violating any of the constitutional provisions relied upon by Willis.  Specifically, we cannot say from a due process standpoint that the challenged legislation: (1) does not give prospective litigants reasonable notice and an opportunity to be heard; (2) lacks a reasonable relation to the proper public purposes of "relieving the

---

[4] The legislature modified a part of this recommendation by extending the tolling period to the minor's eighth birthday and

insurance availability crisis" and eliminating stale medical malpractice claims of infants; or (3) is arbitrary or discriminatory in differentiating between infants with medical malpractice claims and infants with other tort claims. Accordingly, we hold that the medical malpractice statute of limitations for minors does not violate the due process clauses of the United States Constitution or the Constitution of Virginia. See Pulliam, 257 Va. at 21, 509 S.E.2d at 318; Etheridge, 237 Va. at 97, 376 S.E.2d at 530.

We also think that the legislature could have concluded that the challenged classification in the medical malpractice statute of limitations for minors would promote the legitimate state purposes of "relieving the insurance availability crisis" and eliminating stale medical malpractice claims of infants. For that reason, the statute passes muster under the Equal Protection Clause of the United States Constitution.[5] See Pulliam, 257 Va. at 21, 509 S.E.2d at 318; Etheridge, 237 Va. at 104, 376 S.E.2d at 534.

---

the resulting limitation to the minor's tenth birthday.

[5] Article I, Section 11 of the Constitution of Virginia, the anti-discrimination clause, does not apply to this statute because its classification is based solely on the type of tort claim made by an infant, not his "religious conviction, race, color, sex, or national origin," as proscribed in this constitutional provision. See Etheridge, 237 Va. at 103 n.5, 376 S.E.2d at 533 n.5.

Finally, with the background of the two subcommittees' reports, we cannot say that the classification resulting from the medical malpractice statute of limitations for minors does not bear a reasonable and substantial relation to public welfare by "relieving the insurance availability crisis."  We thus conclude that the statute is not special legislation in violation of Article IV, Section 14 of the Constitution of Virginia.  See Pulliam, 257 Va. at 18, 509 S.E.2d at 317; Etheridge, 237 Va. at 103-04, 376 S.E.2d at 534.[6]

For these reasons, we hold that the trial court correctly sustained the defendants' pleas of the statute of limitations. Accordingly, the judgment of the trial court will be

Affirmed.

---

[6] We have considered Willis's remaining contentions and find them meritless.