# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 146

**OCTOBER TERM, A.D. 2014**

**November 14, 2014**

JEFF KORDUS and SUZETTE
KORDUS, Parents and next friend to
JK, a minor child,

Appellants
(Plaintiffs),

v.                                                              S-13-0043

LEIGH A. MONTES, M.D.,

Appellee
(Defendant).

*Appeal from the District Court of Sweetwater County*
*The Honorable Nena James, Judge*

*Representing Appellants:*

> *David B. Hooper and Robert A. Bundy, Hooper Law Offices, P.C., Riverton, Wyoming. Argument by Mr. Bundy.*

*Representing Appellee:*

> *W. Henry Combs, III, Murane & Bostwick, LLC, Casper, Wyoming; Meggan J. Hathaway, Murane & Bostwick, LLC, Cheyenne, Wyoming. Argument by Ms. Hathaway.*

*Before BURKE, C.J., and HILL, KITE\*, VOIGT[†], and DAVIS, JJ.*

*\* Chief Justice at time of oral argument.*
*[†]Justice Voigt retired effective January 3, 2014.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Chief Justice.**

[¶1]    This case involves a medical malpractice claim filed on behalf of J.K., a minor, against Appellee, Leigh A. Montes, M.D.  The district court dismissed the complaint, ruling that the cause of action was barred by the two-year statute of limitations contained in Wyo. Stat. Ann. § 1-3-107.  J.K. challenges that decision in this appeal.  She contends that the statute, as applied to minors, violates the Wyoming Constitution.[1]  We agree and reverse the district court's decision.

## ISSUES

[¶2]    J.K. lists two issues:

> 1. Does Wyo. Stat. Ann. § 1-3-107, as applied to J.K., a minor child, unconstitutionally violate her fundamental right of access to the courts and deny her equal protection of the laws?

> 2. Did the district court improperly grant Dr. Montes's motion to dismiss?

## FACTS

[¶3]    On March 19, 2007, twelve-year-old J.K. was admitted to Memorial Hospital of Sweetwater County for appendicitis.  Appellee performed an appendectomy.  J.K. was discharged the following day, but complications developed requiring additional surgery and medical treatment.  J.K. was transferred to the Primary Children's Medical Center in Salt Lake City, Utah, on April 5, 2007.

[¶4]    Appellants filed a claim for medical malpractice with the Medical Review Panel on November 27, 2011.  Dr. Montes waived the Medical Review Panel process and on March 8, 2012, the Medical Review Panel entered its Order of Dismissal.  Appellants filed their complaint on March 22, 2012.  Appellee responded with a motion to dismiss alleging that the claim was barred by the two-year statute of limitations in Wyo. Stat. Ann. § 1-3-107(a)(ii).  The district court granted the motion.  Appellants filed a timely appeal.

---

[1] In cases involving the constitutionality of a statute, W.R.A.P. 7.07 requires the parties to serve copies of their briefs on the Attorney General.  The record reflects that both J.K. and Dr. Montes complied with that requirement.  The State of Wyoming did not enter an appearance in this appeal.

1

## STANDARD OF REVIEW

[¶5]   The constitutionality of a statute is a question of law that we review *de novo.* *Baessler v. Freier*, 2011 WY 125, ¶ 13, 258 P.3d 720, 725 (Wyo. 2011).

## DISCUSSION

[¶6]   In reviewing a constitutional challenge to a statute, we presume the statute is constitutional, and any doubt is resolved in favor of the statute's constitutionality. *Bear Cloud v. State*, 2013 WY 18, ¶ 15, 294 P.3d 36, 41 (Wyo. 2013); *Krenning v. Heart Mountain Irrigation Dist.*, 2009 WY 11, ¶ 33, 200 P.3d 774, 784 (Wyo. 2009). The party challenging the constitutionality of a statute bears the burden of proving the statute is unconstitutional. *Id.* "That burden is a heavy one 'in that the appellant must clearly and exactly show the unconstitutionality beyond any reasonable doubt.'" *Id.* (quoting *Cathcart v. Meyer*, 2004 WY 49, ¶ 7, 88 P.3d 1050, 1056 (Wyo. 2004)). Courts have a duty to uphold the constitutionality of statutes if at all possible, but it is equally imperative that we declare legislative enactments invalid when they transgress the Wyoming Constitution. *Hoem v. State,* 756 P.2d 780, 782 (Wyo. 1988).

[¶7]   In Wyoming, an "unemancipated minor, by himself, has no procedural capacity to sue or be sued." *Dye v. Fremont County School Dist. No. 24*, 820 P.2d 982, 985 (Wyo. 1991).[2] Historically, tolling statutes have preserved and protected the rights of minors to pursue a cause of action that accrued during minority. Those tolling statutes predate statehood. The 1886 version of the tolling statute enacted by the Wyoming Territorial Legislature provided:

> If a person, entitled to bring any action mentioned in this subdivision, except for a penalty or forfeiture, is, at the time the cause of action accrues, within the age of twenty-one years, insane, or imprisoned, such person may bring such action within the respective times limited by this chapter after such disability is removed.

1886 Wyo. Sess. Laws ch. 60, § 39.

---

[2] Although Wyo. Stat. Ann. § 1-1-102 provides that "Every person over fourteen (14) years of age and under the age of majority, when subject to no disability other than being a minor, may sue or be sued," the statute further provides that a minor plaintiff "shall sue by a next friend," and a minor defendant "shall appear by guardian." Thus, while the minor may sue or be sued, he or she cannot do so acting alone.

[¶8]    For most causes of action, those protections still exist and a minor has three years after attaining the age of majority to file suit for injury or damages sustained while a minor.  However, the tolling statute was amended in 1976, and it now provides as follows:

> If a person entitled to bring any action *except for an action arising from error or omission in the rendering of licensed or certified professional or health care services* or for a penalty or forfeiture, is, at the time the cause of action accrues, a minor or subject to any other legal disability, the person may bring the action within three (3) years after the disability is removed or within any other statutory period of limitation, whichever is greater.

Wyo. Stat. Ann. § 1-3-114 (LexisNexis 2013) (emphasis added).   The highlighted language was added in 1976 as part of an act "providing a shortened statute of limitations for injuries arising from error or omission in the rendering of licensed or certified professional or health care services."  1976 Wyo. Sess. Laws ch. 18, Preamble.  As part of this same legislation, the legislature added a different statute of limitations governing medical malpractice claims by minors.  Wyo. Stat. Ann. § 1-3-107 provides, in relevant part, that:

> (a)  A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times: . . .
>
> > (ii)  For injury to the rights of a minor, by his eighth birthday or within two (2) years of the date of the alleged act, error or omission, whichever period is greater.

In her brief, J.K. challenges only Wyo. Stat. Ann. § 1-3-107.  However, the two statutes are inextricably linked.  Our decision as to the constitutionality of Wyo. Stat. Ann. § 1-3-107 will also determine the constitutionality of the highlighted portion of Wyo. Stat. Ann. § 1-3-114.

[¶9]    On appeal, J.K. contends that this statute violates Article 1, Section 8 of the Wyoming Constitution, which provides that "All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay."  This has been referred to as the "open courts" provision of our state constitution. *See, e.g., Mills v. Reynolds*, 837 P.2d 48, 54 (Wyo. 1992); *Robinson v. Pacificorp*, 10 P.3d 1133, 1136 (Wyo. 2000).  She also contends that the

statute violates her constitutional equal protection rights.

[¶10] We will begin with J.K.'s assertion that the statute violates the open courts provision of Wyoming's Constitution. J.K. did not present this issue in district court, and we generally decline to review issues raised for the first time on appeal. *In re Lankford*, 2013 WY 65, ¶ 28, 301 P.3d 1092, 1101 (Wyo. 2013); *Jones v. State*, 2006 WY 40, ¶ 7, 132 P.3d 162, 164 (Wyo. 2006). There is, however, a recognized exception for an issue that "is of such a fundamental nature that it must be considered." *Lankford*, ¶ 28, 301 P.3d at 1101. We have previously held "that the right to access to the courts is a fundamental right pursuant to Article 1, Section 8." *Mills*, 837 P.2d at 54; *see also Robinson*, 10 P.3d at 1136 ("Robinson's 'open courts' issue, although not raised below, involves a fundamental right of which we will take cognizance."); *Greenwalt v. Ram Rest. Corp.*, 2003 WY 77, ¶ 33, 71 P.3d 717, 728 (Wyo. 2003) ("The right to access to the courts is a fundamental right."). Accordingly, we will consider J.K.'s constitutional claim despite the fact it was not raised below.[3]

[¶11] We have previously recognized that:

> In order to establish an "open courts" violation, a litigant must satisfy a two-part test: first, he must show that he has a well-recognized common-law cause of action that is being restricted; and second, he must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.

*Robinson*, 10 P.3d at 1137 (quoting *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex. 1990)). *See also Greenwalt*, ¶ 36, 71 P.3d at 729. In applying the first part of the test, there is no dispute that J.K. has a well-recognized common-law cause of action. Wyoming has long recognized that a minor has a common law cause of action for medical malpractice. *See McCoy v. Clegg*, 36 Wyo. 473, 477, 257 P. 484, 485 (1927). At issue is whether J.K.'s ability to pursue that common law cause of action is being restricted. Dr. Montes contends that the statute does not restrict J.K.'s access to the courts because the claim can be brought by a guardian or next friend. J.K. maintains the contrary position. She points out that, while a minor, she cannot bring a claim on her own behalf, and that it will be too late to pursue her cause of action once she attains adulthood and the capacity to sue.

[¶12] Although we have not considered this precise issue in Wyoming, we have

---

[3] Appellee concedes that the "open courts" issue involves a fundamental right that should be addressed by this Court even though the issue was not raised below.

addressed a similar issue. In *Dye*, 820 P.2d at 983, we were presented with a challenge to the constitutionality of the time limit for giving notice of a claim under the Wyoming Governmental Claims Act, as that limit applied to a minor. In *Dye*, the district court dismissed a minor's cause of action because her mother, as next friend, did not provide a notice of claim to the defendant school district within the two-year period specified in Wyo. Stat. Ann. § 1-39-113(a). We reversed, noting that an "unemancipated minor, by himself, has no procedural capacity to sue or be sued." *Dye*, 820 P.2d at 985. Although we recognized that claims on a minor's behalf could be brought by a next friend, we also observed that "a next friend may or may not volunteer." *Id*. We explained:

> Dye's mother is listed on the caption of this case as her daughter's next friend. The mother had authority as her general guardian to pursue this action under W.R.C.P. 17(c), but she failed to act timely on her daughter's behalf. Susan Dye, as a minor, was not able to give timely notice of claim herself. The requirement of giving notice presupposes the existence of an individual capable of giving notice. Dye's mother, as next friend, was capable of giving notice but was either unwilling to give timely notice or just failed to do so. In the interest of justice, we cannot allow a minor, who has no realistic ability to protect herself, to suffer loss of her claim because of a parent's failure to act.
>
> When a parent fails to file a timely notice of claim pursuant to W.S. 1-39-113(a), that parent does not adequately represent the child. The child is powerless to protect her own interests. We hold, therefore, that the time for filing the claim required by the Governmental Claims Act on behalf of a minor begins to run at the time of the appointment of a guardian ad litem by the court pursuant to W.R.C.P. 17(c). *See* W.S. 1-39-113(a)(ii). This disability for failing to file a claim disappears upon the minor reaching the age of majority.

*Id*. at 985-986 (some internal citations omitted).

[¶13] Dr. Montes attempts to distinguish our decision in *Dye.* According to Dr. Montes,

> The distinguishing characteristic in *Dye,* is that the Wyoming Governmental Claims Act provides for the **exclusive remedy** against a school district or other governmental entity. *Id.* at 984 (see also, W.S. 1-39-116; *Dee v. Laramie County,* 666 P.2d 957, 958 (Wyo. 1983))

5

(emphasis added). Thus, while W.S. § 21-3-129 allows an action against a school district to the extent of its liability insurance, such an action must be brought pursuant to the procedures outlined in the Governmental Claims Act and therefore, the Court recognized the need for a minority exception to the time limits imposed for filing governmental claims, lest there be a complete bar to filing a cause of action with the courts.

If there is a distinction on that basis, we are unable to see it. In *Dye*, the minor's exclusive remedy was to bring suit pursuant to the Governmental Claims Act. As a minor, she could only act through her parents or some other guardian. The same is true here. In this case, J.K.'s exclusive remedy is to file suit, through her parents or some other guardian, seeking to recover damages for the alleged malpractice. Both statutes deprive a minor of the right to pursue a cause of action if the minor's parents, guardian, or next friend fail to act in a timely fashion. In both situations, the minor cannot bring suit against her parents if they negligently fail to bring the claim within the limitations period.[4]

[¶14] *Dye* establishes that statutes such as those at issue here restrict a minor's access to the courts. We must now determine if the restriction is "unreasonable or arbitrary when balanced against the purpose and basis of the statute." Our decision in *Dye* does not resolve that question. Although a constitutional challenge was raised in *Dye* and the order of dismissal was reversed, the statute at issue was never specifically declared unconstitutional and the court did not engage in any constitutional analysis. Additionally, and perhaps most significantly, the dispute did not involve a claim of medical malpractice.

[¶15] Dr. Montes asserts that Wyo. Stat. Ann. § 1-3-107 was enacted in response to "a malpractice insurance crisis." The Wyoming legislature did not state its purpose in enacting this statute. *See* 1976 Wyo. Sess. Laws ch. 18, § 1. It is widely accepted, however, that the purpose of similar legislation in other states was "to avoid a perceived crisis in medical malpractice insurance, and the accompanying danger of a reduction in health services available to the public." 71 A.L.R. 5th 307, § 2[a]. As the statute pertains to medical malpractice claims, we believe it was meant to serve similar purposes. We must note, however, that the Wyoming statutes at issue here are not limited to medical

---

[4] Wyoming has long acknowledged the general rule that a child may not sue a parent in tort. *See Ball v. Ball*, 73 Wyo. 29, 42, 269 P.2d 302, 305 (1954). Exceptions have been recognized for parents' "willful and wanton disregard of the wellbeing of a child, resulting in injury," *Oldman v. Bartshe*, 480 P.2d 99, 101 (Wyo. 1971), and for negligence in the operation of a motor vehicle. *Dellapenta v. Dellapenta*, 838 P.2d 1153, 1154 (Wyo. 1992). Neither exception appears to be applicable here.

malpractice claims. They apply broadly to all causes of action "arising from … the rendering of licensed or certified professional or health care services." Wyo. Stat. Ann. §§ 1-3-107, 1-3-114. The two-year statute of limitations set forth in Wyo. Stat. Ann. § 1-3-107 has been applied in a variety of non-medical contexts. *See, e.g., Ballinger v. Thompson*, 2005 WY 101, 118 P.3d 429 (Wyo. 2005) (attorney); *Adelizzi v. Stratton*, 2010 WY 148, 243 P.3d 563 (Wyo. 2010) (real estate agent); *Bredthauer v. Christian, Spring, Seilbach & Assocs.*, 824 P.2d 560 (Wyo. 1992) (surveyor). Because the claim at issue here is a medical malpractice claim, we will limit our discussion to that profession and will assume that the statute was intended to address a "perceived crisis in medical malpractice insurance."

[¶16] Although the issue presented is one of first impression for this Court, similar statutes have been challenged on constitutional grounds in other states. Challenges have been brought under a variety of constitutional provisions. Results vary. Some of these decisions support J.K.'s position. Others support Dr. Montes's. *See* 71 A.L.R. 5th 307. Very few of those cases, however, apply the two-part test that we apply in Wyoming to resolve an "open courts" constitutional challenge. The Texas Supreme Court, however, did apply that test in *Sax v. Votteler*, 648 S.W.2d 661 (Tex. 1983).

[¶17] In *Sax*, the Texas Supreme Court considered an open courts constitutional challenge to the two-year statute of limitations for medical malpractice claims by minors after reaching the age of six. *Id.* at 663. It determined that the statute violated the Texas Constitution. In reaching that decision, the Texas court announced and applied the same two-part test that we have adopted in Wyoming:

> We hold, therefore, that the right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress. In applying this test, we consider both the general purpose of the statute and the extent to which the litigant's right to redress is affected.

*Id.* at 665-666.[5]

[¶18] The court's analysis of the second prong of the test is particularly relevant:

---

[5] The *Sax* decision appears to be the source of the two-part test that we have adopted in Wyoming. We first announced that test in *Robinson*, 10 P.3d 1133. In *Robinson*, we attributed the test to another decision from the Texas Supreme Court, *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex. 1990). *Moreno* credits the decision in *Sax* for the test. *Id.*

The second criterion we examine is the effect of the restriction on the child's right to bring his cause of action. A child has no right to bring a cause of action on his own unless disability has been removed. If a minor does bring a cause of action in his own behalf, the action is subject to being abated upon a timely plea of the defendant. If the parents, guardians, or next friends of the child negligently fail to take action in the child's behalf within the time provided by article 5.82, the child is precluded from asserting his cause of action under that statute. Furthermore, the child is precluded from suing his parents on account of their negligence, due to the doctrine of parent-child immunity. The child, therefore, is effectively barred from any remedy if his parents fail to timely file suit. Respondents argue that parents will adequately protect the rights of their children. This Court, however, cannot assume that parents will act in such a manner. It is neither reasonable nor realistic to rely upon parents, who may themselves be minors, or who may be ignorant, lethargic, or lack concern, to bring a malpractice lawsuit action within the time provided by article 5.82.

We agree with [Respondent] that both the purpose and basis for article 5.82 are legitimate. Additionally, we recognize that the length of time that insureds are exposed to potential liability has a bearing on the rates that insurers must charge. We cannot agree, however, that the means used by the legislature to achieve this purpose, article 5.82, section 4, are reasonable when they are weighed against the effective abrogation of a child's right to redress. Under the facts in this case, [Petitioner] is forever precluded from having her day in court to complain of an act of medical malpractice. Furthermore, the legislature has failed to provide her any adequate substitute to obtain redress for her injuries.

*Id.* at 666-667 (internal citations omitted).

[¶19]  Other courts have reached similar conclusions.  As noted by the Missouri Supreme Court:

8

State legislatures reacted in the 1970's to a perceived crisis in medical malpractice insurance by enacting these types of limitations provisions. While such provisions no doubt go some distance in alleviating the problems of malpractice insurers and health care providers, they do so only at a high cost. ***Their effect is to bar the malpractice suits of minors without regard to the validity of their claims or the fact that the minors are wholly innocent in failing to timely pursue their claims. Such a result seems to unfairly penalize the blameless minor in order to protect the potentially negligent health care provider***. (emphasis added).

*Strahler v. St. Luke's Hosp.*, 706 S.W.2d 7, 10 (Mo. 1986) (quoting Andrews, *Infant Tolling Statutes in Medical Malpractice Cases: State Constitutional Challenges*, 5 J. Legal Medicine, 469 (1984)).

[¶20] The Ohio Supreme Court stated:

The second inquiry to be reviewed is whether R.C. 2305.11(B) is unreasonable or arbitrary as applied to minors. The Ohio due process or due course of law provisions require that all courts be open to every person who is injured. Section 16, Article I, Ohio Constitution. Yet, we believe that upholding R.C. 2305.11(B) against minors effectively closes the courthouse doors to them. It is beyond dispute that a minor has no standing to sue before he or she reaches the age of majority. Civ. R. 17(B). However, given the abrogation of the "disabilities" tolling statute in R.C. 2305.11(B), minors may, as in the cause *sub judice*, lose their rights to redress before they reach eighteen years of age. Thus, the sum and substance of R.C. 2305.11(B) is that a minor shall have no standing to sue before attaining the age of majority, and no right to bring suit thereafter. Such, in our view, is totally unreasonable and patently arbitrary.

The usual response to this conclusion is that a minor's parent or guardian may sue for, and on behalf of, the child. We find such a suggestion to be troublesome for several reasons. First, because of the inability of many children to recognize or articulate physical problems, parents may be unaware that medical malpractice has occurred. Second, the parents themselves may be minors, ignorant, lethargic, or lack the requisite concern to bring a malpractice action within the

time provided by statute. *See Sax v. Votteler*, 648 S.W.2d 661, 667 (Tex. 1983). Third, there may effectively be no parent or guardian, concerned or otherwise, in the minor's life. For example, children in institutions, foster homes, and wards of court or others are provided no safeguards, nor do such minors have the requisite ability to seek redress or to protect personal interests.

*Mominee v. Scherbarth*, 503 N.E.2d 717, 721-722 (Ohio 1986).

[¶21] The Maryland Supreme Court found similar legislation unconstitutional in *Piselli v. 75th Street Medical*, 808 A.2d 508, 523-524 (Md. 2002). The Court explained:

As earlier mentioned, Article 5 of the Maryland Declaration of Rights authorizes the General Assembly to change common law principles or principles reflected in pre-1776 statutes. *See* n.12, *supra*. Nevertheless, when such a change restricts a traditional remedy or access to the courts, the change "'violates Article 19 [the "open courts" provision] . . . if the restriction is unreasonable.'" *Dua v. Comcast Cable, supra*, 805 A.2d at 1085, 370 Md. at 644, quoting *Murphy v. Edmonds, supra*, 325 Md. at 365, 601 A.2d at 113. Article 19, therefore, is a limitation upon the General Assembly's authority under Article 5.

The restrictions upon a minor's remedy and access to the courts, contained in subsections (b), (c) and (e) of § 5-109 [the statute of limitations], represent a drastic departure from a principle which has governed minors' causes of action for more than 500 years. Until the recent enactment of these subsections, periods of limitations did not begin running against a child's claim until the child reached the age of majority. In our view, mandating that the three and five-year limitations periods run against a minor's tort claim from the time the minor is 11 years old, or under a few circumstances 16 years old, is an unreasonable restriction upon a child's remedy and the child's access to the courts.

Whichever interpretation of the discovery provision in § 5-109 is correct, the statute unfairly and unreasonably may abrogate a child's medical malpractice cause of action when the child is not at fault. If, as the federal District Court held, the three-year period begins running when the parents are on

10

inquiry notice, the child's separate and distinct cause of action is entirely dependent upon knowledge of other persons. Basing the running of the three-year period on the child's knowledge, however, places an unreasonable burden upon an 11-year old.

Moreover, a child is disabled from bringing a tort action until he or she is 18 years old. Regardless of whose "discovery" triggers the running of the three-year period, a child's action must be brought by the parents on the minor child's behalf. Thus, if the parents are dilatory and fail to sue on behalf of the child, the three and five-year periods applicable to most child medical malpractice claims will expire, at the latest, when the child is 16 years old - two years before the child is able to bring an action. With regard to the very limited types of medical malpractice claims set forth in subsection (c), when the time periods run from the age of 16, the child could have only one year after majority to bring the action.

This Court's language in *Johns Hopkins Hospital v. Pepper, supra*, 346 Md. at 694-695, 697 A.2d at 1365-1366, is very apt in the case at bar. We emphasized in *Pepper* that, if the parents' failure to bring a claim before the expiration of limitations had the effect of barring the minor child's claim, "the child would be twice victimized – once at the hands of the tortfeasor, and once by parents who, for whatever reason, failed to timely prosecute [the] claims," 346 Md. at 695, 697 A.2d at 1366. The Court continued: "We cannot countenance a result that would leave the only innocent victim in such a transaction uncompensated for his or her injuries" and that such a result was contrary to "public policy and justice," *Ibid*. To this, we need only add that barring an injured child's medical malpractice claim before the child is able to bring an action is an unreasonable restriction upon the child's right to a remedy and access to the courts guaranteed by Article 19 of the Maryland Declaration of Rights.

The Arizona Supreme Court also reached a similar conclusion:

Simply put, then, the ultimate question here is whether a statute which requires a minor injured before reaching the age of seven to sue for such injuries before reaching age ten is

one which allows the minor a reasonable choice of alternatives. Is this a reasonable regulation of the manner and time for bringing the action?

We have held that "an infant cannot bring or defend a legal proceeding in person." *Pintek v. Superior Court*, 78 Ariz. 179, 184, 277 P.2d 265, 268 (1954). We are aware, of course, that action can be brought on behalf of the minor by a next friend, guardian ad litem, or general guardian. *Pintek, supra.* No doubt, most claims of minors are so presented. We are well aware that where a chance of substantial recovery exists, there is no lack of advocates willing to undertake appropriate procedures to find and appoint a guardian ad litem or to obtain a "next friend" so that the action may be brought. While the vast majority of claims on behalf of injured minors will still be brought within a relatively short time after the injury occurs, this all depends upon good fortune; the minor himself is helpless, particularly when under ten years of age. The minor possesses a right guaranteed by the constitution, but cannot assert it unless someone else, over whom he has no control, learns about it, understands it, is aware of the need to take prompt action, and in fact takes such action. . . .

We hold that a statute which requires a minor injured when below the age of seven to bring the action by the time he reaches the age of ten -- regardless of his ability to do so, and without concern for the nature of his adult caretakers -- does not provide reasonable alternatives. The statute abolishes the action before it reasonably could be brought, in violation of the fundamental constitutional right guaranteed by article 18, § 6. We hold, therefore, that § 12-564(D) is unconstitutional. The provisions of the tolling statute, A.R.S. § 12-502, which apply to all other actions and claims of minors, are applicable to medical malpractice actions.

*Barrio v. San Manuel Div. Hosp. for Magma Copper Co.*, 692 P.2d 280, 285-286 (Ariz. 1984).

[¶22]  Against this backdrop, Dr. Montes directs our attention to a contrary point of view as reflected in a decision from Virginia. In *Willis v. Mullett*, 561 S.E.2d 705, 707 (Va. 2002), the Virginia Supreme Court considered a comparable statute of limitations. Mr. Willis's medical malpractice claim arose when he was fifteen years of age. More

than four years later, when he was nineteen, he filed a claim against the two doctors involved. The trial court dismissed the claim, relying on the two-year medical malpractice statute of limitations for minors. Mr. Willis challenged the constitutionality of that statute. Like J.K., in the case before us, he asserted that he had no right to bring an action during his minority, and if his "next friend, negligently or otherwise, fails to file the action within the reduced time required under the medical malpractice statute of limitations for minors, [he] would lose his right to a jury trial." *Id.* at 709.

[¶23] The court noted that Mr. Willis's action could have been brought by a next friend within the reduced tolling period of the statute, and Mr. Willis would not have lost his right to a jury trial. *Id.* The court found it valid for the legislature "to presume that some adult responsible for the minor's welfare, usually a parent, would act diligently and prudently to protect the minor's interests." *Id.* On this basis, the court concluded that the statute did not abridge Mr. Willis's constitutional rights. *Id.*

[¶24] Dr. Montes also urges us to follow the reasoning of the Massachusetts Supreme Court in *Harlfinger v. Martin*, 754 N.E.2d 63 (Mass. 2001). In that case, the Court addressed a due process and equal protection challenge to legislation providing a seven-year statute of repose, applicable to minors, to assert a medical malpractice claim. The court found no constitutional violation. As in *Willis*, the court applied the rational basis test and concluded that there was a reasonable basis for the legislation. The court also rejected the notion that the potential loss of a claim by a minor, whose parents failed to assert a timely claim, should impact its analysis:

> The plaintiffs point out, quite correctly, that statutes of repose barring the claims of injured minors are more likely to cause the loss of valuable and meritorious claims than do such statutes barring claims by adults. Lacking either the practical wherewithal or the legal capacity to sue on their own behalf, children are dependent on their parents and guardians to bring their claims of medical malpractice before those claims become time barred. A child's meritorious claim can thus be lost through no fault of the injured child. The fact that the interests of minors are at stake does not, however, change the nature of our due process analysis. Under the statute of repose at issue in *Klein v. Catalano*, [386 Mass. 701, 437 N.E.2d 514 (1982)] claims could be barred even though the injury had not yet even occurred. Recognizing that the statute would operate to abrogate any possible tort remedy for persons injured more than six years after completion of the allegedly negligent design or construction of a building, we determined that the due process analysis would be no different from that applied to "any other law that

13

regulates economic activity." *Id*. at 712. The fact that some minors, due to parental neglect or ignorance (not present here) or to minors' unawareness of the extent and gravity of their injuries, will lose their ability to bring medical malpractice claims does not require us to conduct our due process analysis of this statute of repose with some heightened level of scrutiny.

*Harlfinger*, 754 N.E.2d at 71-72 (footnotes omitted).

[¶25] As we mentioned previously, there is a split of authority in jurisdictions regarding the constitutionality of statutes limiting a minor's right to assert a medical malpractice claim. The cases cited above illustrate the approaches that courts have taken in addressing this issue. None of those decisions are binding on this Court, all come from jurisdictions that have constitutional and statutory provisions that are not identical to those from Wyoming, and not all of the constitutional challenges asserted are "open courts" challenges. On balance, however, we are convinced that the reasoning and analysis exemplified by *Sax* and its progeny best reflect the approach that should be taken in Wyoming. We reach that conclusion for several reasons.

[¶26] First, in *Sax*, the Texas Supreme Court applied the identical test that our precedent requires us to apply in addressing a constitutional challenge based upon Article 1, Section 8, Wyoming's "open courts" constitutional provision. In contrast, the courts in *Willis* and *Harlfinger* addressed due process and equal protection challenges. In *Harlfinger*, the court recognized that states addressing an open courts challenge have reached a different result. *See Id.*, 754 N.E.2d at 70-71. In *Willis*, the court opted not to address decisions from other jurisdictions reaching a different result. *Id.*, 561 S.E.2d at 710 n.3 ("Willis relies upon a number of cases in other jurisdictions to support his primary and other contentions. We do not discuss them because they were generally decided under constitutional and statutory provisions differing from those involved in this case.").

[¶27] Second, the *Harlfinger* and *Willis* decisions were based, in large measure, upon their conclusion that the legislature was entitled to assume that the rights of children would be protected by their parents and guardians. That conclusion would appear to be at odds with the decision we reached in *Dye.*

> Dye's mother, as next friend, was capable of giving notice but was either unwilling to give timely notice or just failed to do so. In the interest of justice, we cannot allow a minor, who has no realistic ability to protect herself, to suffer loss of her claim because of a parent's failure to act.

*Id.*, 820 P.2d at 985. Additionally, we are persuaded by the reasoning of those courts

rejecting that assumption. The Arizona Supreme Court summed it up well:

> We agree with the Texas court that "it is neither reasonable nor realistic to rely upon parents, who may be ignorant, lethargic, or lack concern, to bring the action." *Sax, supra*, at 667. We recognize, also, that some children are without parents or have parents who do not fulfill commonly accepted parental functions. The statute makes no exceptions for children who have unconcerned parents, children in foster care, or those in institutions; it applies alike to children . . . who are normal and those who are brain injured. It applies to those with guardians and those without.
>
> A foster mother may be honestly dedicated to hot meals and clean linen and emotional support and quail at the thought of embarking upon several years of legal battle for a member of her changeable brood. As to parents themselves, some are lazy or frightened or ignorant or religiously opposed to legal redress. Still, they have *their* remedy available to them if they choose to use it. A child does not.

*Barrio*, 692 P.2d at 286 (emphasis in original).

[¶28] Finally, and perhaps most significantly, a determination that the challenged statutes are constitutional is difficult, if not impossible, to square with our precedent. We have discussed our decision in *Dye* at great length. The impact to the minor here is identical to the impact to the minor in *Dye*. In *Dye*, we preserved the minor's right to pursue a cause of action. Reaching a different result here would be inconsistent with *Dye*.

[¶29] In *Hoem*, we reviewed a statute that required medical malpractice claims to be submitted to a medical review panel before being filed in court. We found the statute unconstitutional on equal protection grounds. *Id.*, 756 P.2d at 784. In his concurring opinion, Justice Thomas indicated that he would also "declare the statute to be unconstitutional under Art. 1, § 8." *Id*. The statute at issue in *Hoem* "delay[ed], for a minimum of 120 days, the right of the claimant to file a civil action, and there is no limit upon the period to which the proceeding may be extended for good cause." *Id.*, 756 P.2d at 785. The restriction on J.K.'s access to court is far more severe. While J.K. has no ability to sue before reaching the age of majority, the effect of Wyo. Stat. Ann. §§ 1-3-107(a)(ii) and 1-3-114 is that she has no right to bring suit thereafter. This is not a reasonable restriction on her rights. As stated in *Sax*:

We agree . . . that both the purpose and basis for [the medical malpractice statute of limitations for minors] are legitimate. . . . We cannot agree, however, that the means used by the legislature to achieve this purpose . . . are reasonable when they are weighed against the effective abrogation of a child's right to redress. Under the facts in this case, Lori Beth Sax is forever precluded from having her day in court to complain of an act of medical malpractice. Furthermore, the legislature has failed to provide her any adequate substitute to obtain redress for her injuries. *See, e.g., Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556 (1916).

*Id.*, 648 S.W.2d at 667.

[¶30] We therefore hold that the statute of limitations for minors, Wyo. Stat. Ann. § 1-3-107(a)(ii), violates Article 1, Section 8 of the Wyoming Constitution. We also hold that the exception now contained in Wyo. Stat. Ann. § 1-3-114 – "except for an action arising from error or omission in the rendering of licensed or certified professional or health care services" – is also constitutionally infirm. In light of this holding, it is unnecessary to address J.K.'s equal protection argument.

[¶31] Because the district court relied on an unconstitutional statute, it improperly granted Dr. Montes's motion to dismiss J.K.'s claim. That order is reversed, and this matter is remanded to the district court for further proceedings consistent with this opinion.